**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

GENEVA McDANIEL,
6609 North Opal Street
Philadelphia, PA 19138,

Plaintiff,

v.

NATIONSTAR MORTGAGE, LLC,
d/b/a Champion Mortgage Company,
350 Highland Drive
Lewisville, TX 75067,
and
ZUCKER, GOLDBERG & ACKERMAN,
LLC,
200 Sheffield Street, Suite 101
Mountainside, NJ 07092,

Defendants.

Civil Action No.:_____

**CIVIL ACTION COMPLAINT
&
DEMAND FOR JURY TRIAL**

## I. PRELIMINARY STATEMENT

1.  Plaintiff brings this action for illegal acts and omissions of the above-named defendants, who used false, deceptive, and misleading representations in conjunction with an attempt to collect an alleged debt by, inter alia, foreclosing on a mortgage and, thereby, violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p (FDCPA), and the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. §§ 2270.1-2270.6 (FCEUA), Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1 to 201-9.3 (UTPCPL), and Wrongful Use of Civil Proceedings, 42 Pa.C.S. §§ 8351-8355. Plaintiff seeks actual damages, statutory damages, treble damages, punitive damages, costs, and attorney's fees.

## II. JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises under FDCPA, 15 U.S.C. § 1692k(d), FCEUA, 73 P.S. § 2270.5(b), and 28 U.S.C. §§ 1331 (federal question) and 1367(a) (supplemental jurisdiction).

1

3.      Venue is appropriate in this federal district, pursuant to 28 U.S.C. § 1391, because events and omissions giving rise to Plaintiff's claims occurred within this federal judicial district and because Defendants reside and/or regularly transact business within this federal judicial district.

### III. PARTIES

4.      Plaintiff is an adult individual residing at the address shown in the caption.

5.      Defendant Nationstar Mortgage, LLC ("Nationstar"), is a limited liability company duly organized under the laws of the state of Delaware, formerly known as Centex Home Equity Company, LLC, is a wholly owned subsidiary of Nationstar Mortgage Holdings Inc., allegedly does business as, inter alia, Champion Mortgage Company, and maintains a principal place of business located at the address shown in the caption.

6.      Defendant Zucker, Goldberg & Ackerman, LLC ("ZG&A"), is a limited liability company duly organized under the laws of the state of New Jersey and maintains a principal place of business located at the address shown in the caption.

7.      The alleged debt that is the subject of this action was in default, according to Defendants, at the time that it was obtained by Defendants.

8.      Defendants, at times relevant hereto, were each a person who used an instrumentality of interstate commerce or the mails in a business the principal purpose of which was the collection of debts or who regularly collected or attempted to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.  As such, each was a debt collector within the meaning of FDCPA, 15 U.S.C. § 1692a(6).

9.      Defendants, at times relevant hereto, were each a person not a creditor conducting business within the Commonwealth of Pennsylvania, acting on behalf of a creditor, engaging or

2

aiding directly or indirectly in collecting a debt owed or alleged to be owed a creditor or assignee of a creditor.  As such, each was a debt collector within the meaning of FCEUA, 73 P.S. § 2270.3.

10.     In the alternative, Nationstar, at times relevant hereto, was a person to whom a debt was alleged to be owed.  Based on said definition, it was a creditor within the meaning of FDCPA, 15 U.S.C. § 1692a(4), and FCEUA, 73 P.S. § 2270.3.

11.     Said parties were persons within the meaning of UTPCPL, 73 P.S. § 201-2(2).

## IV. OPERATIVE FACTS

12.     Plaintiff incorporates by reference the foregoing allegations as though more fully set forth herein.

13.     ZG&A, on behalf of Nationstar, drafted, endorsed, and, on August 7, 2013, filed, against Plaintiff, in the Court of Common Pleas of Philadelphia County, Pennsylvania, a civil action complaint in mortgage foreclosure on her home, docket number 130800385.  A true and exact copy of said complaint is attached hereto, incorporated herein, and marked as Exhibit "A."

14.     On November 13, 2013, Plaintiff filed and served preliminary objections to said complaint.  A true and exact copy of said preliminary objections, without exhibits, is attached hereto, incorporated herein, and marked as Exhibit "B."

15.     ZG&A, on behalf of Nationstar, drafted, endorsed, verified, and, on December 13, 2013, filed, in said action in mortgage foreclosure, an amended complaint a true and exact copy of which is attached hereto, incorporated herein, and marked as Exhibit "C."

16.     On December 16, 2013, Plaintiff filed and served preliminary objections to said amended complaint.  A true and exact copy of said preliminary objections is attached hereto, incorporated herein, and marked as Exhibit "D."

17.     On January 8, 2014, said court of common pleas issued an order sustaining said preliminary objections and dismissing said amended complaint with prejudice.  A true and exact copy of said order is attached hereto, incorporated herein, and marked as Exhibit "E."

18.     At all times relevant hereto, "Champion Mortgage Company" was nothing more than a fictitious name.

19.     The mortgage alleged in said foreclosure action had never been assigned to Nationstar.

20.     At all times relevant hereto, Nationstar had no beneficial interest in said mortgage or the loan that it purported to secure.

21.     At any time relevant hereto, Nationstar was, at best, servicer of the loan secured by said mortgage, on behalf of an unidentified investor.

22.     Because it was not beneficially interested in the relief sought and/or the rights reserved and was not acting in a fiduciary or representative capacity, as might have been disclosed in the caption and in its initial pleading, for any party that was beneficially interested, pursuant to Pennsylvania Rule of Civil Procedure 2002, Nationstar was not a proper plaintiff in said action in mortgage foreclosure.

23.     As a result of Defendants' actions described herein, Plaintiff sustained injuries including but not limited to mental anguish, emotional distress, damage to credit and reputation, and costs and attorney's fees to defend said foreclosure action.

24.     At some or all times relevant hereto, ZG&A represented Nationstar with regard to said foreclosure action and/or the attempted collection from Plaintiff on said alleged debt.

25.     At all times relevant hereto, ZG&A operated with Nationstar's full approval and authority and kept said client fully informed of all its actions and the status of said foreclosure action.

26.     At all times relevant hereto, Nationstar directed said foreclosure and collection efforts.

## V. CLAIMS FOR RELIEF

### COUNT I—VIOLATIONS OF FDCPA

27.     Plaintiff incorporates by reference the foregoing allegations as though more fully set forth herein.

28.     Said alleged debt was a debt within the meaning of FDCPA, 15 U.S.C. § 1692a(5), namely, an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which were the subject of the transaction were primarily for personal, family, or household purposes.

29.     By seeking to foreclose upon a debt that Nationstar did not own, Defendants used false, deceptive, and/or misleading representations and/or means in connection with the collection of a debt, in violation of FDCPA, 15 U.S.C. § 1692e; specifically, they falsely represented the character and/or legal status of a debt, in violation of FDCPA, 15 U.S.C. § 1692e(2)(A), threatened to take an action that could not legally be taken, in violation of FDCPA, 15 U.S.C. § 1692e(5), and used a false representation or deceptive means to attempt to collect a debt, in violation of FDCPA, 15 U.S.C. § 1692e(10).

### COUNT II—VIOLATIONS OF FCEUA

30.     Plaintiff incorporates by reference the foregoing allegations as though more fully set forth herein.

31. Said alleged obligation was a debt within the meaning of FCEUA, 73 P.S. § 2270.3, namely, an actual or alleged past due obligation, claim, demand, note or other similar liability of a consumer to pay money, arising out of a single account as a result of a purchase, lease or loan of goods, services or real or personal property for personal, family or household purposes or as a result of a loan of money or extension of credit which was obtained primarily for personal, family or household purposes.

32. Nationstar violated FCEUA, 73 P.S. § 2270.4(a), because any violation of FDCPA by a debt collector, as set forth above, constitutes an unfair or deceptive debt collection act or practice under FCEUA.

33. In the alternative, based on the facts set forth above, to the extent that it would be a creditor, Nationstar violated FCEUA, 73 P.S. § 2270.4(b)(5), by using false, deceptive, and/or misleading representations and/or means in connection with the collection of a debt, § 2270.4(b)(5)(ii), by falsely representing the character, amount, and/or legal status of a debt, § 2270.4(b)(5)(v), by threatening to take an action that could not legally be taken, § 2270.4(b)(5)(x), and by using a false representation or deceptive means to attempt to collect a debt.

34. Pursuant to FCEUA, 73 P.S. § 2270.5(a), if a debt collector or creditor engages in an unfair or deceptive debt collection act or practice under FCEUA, it shall constitute a violation of UTPCPL.

## COUNT III—VIOLATIONS OF UTPCPL

35. Plaintiff incorporates by reference the foregoing allegations as though more fully set forth herein.

36.     Plaintiff entered into said transaction primarily for personal, family, and/or household purposes.

37.     Said transaction was trade and commerce within the meaning of UTPCPL, 73 P.S. § 201-2(3).

38.     <u>Inter alia</u>, by misrepresenting Nationstar as Plaintiff's mortgagee and/or creditor, Defendants caused likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services and/or as to affiliation, connection or association with, or certification by, another and engaged in other fraudulent or deceptive conduct which would create a likelihood of confusion or of misunderstanding.

39.     Said acts and practices were unfair or deceptive acts or practices within the meaning of UTPCPL, 73 P.S. § 201-2(4).

40.     Pursuant to UTPCPL, 73 P.S. § 201-3, such methods, acts, and/or practices are unlawful.

41.     Plaintiff was justified in relying on Defendants' said representations with regard to, <u>inter alia</u>, the need to expend costs and attorney's fees to defend said foreclosure action.

<u>COUNT IV—WRONGFUL USE OF CIVIL PROCEEDINGS</u>

42.     Plaintiff incorporates by reference the foregoing allegations as though more fully set forth herein.

43.     Defendants procured, initiated, and/ or continued civil proceedings, namely, said foreclosure action, against Plaintiff.

44.     In doing so, Defendants acted in a grossly negligent manner.

45.     Defendants did not have probable cause for said actions.

46. The primary purpose for which said proceedings were brought was not that of securing the proper discovery, joinder of parties, or adjudication of the claim on which said proceedings were based.

47. Said proceedings were terminated in Plaintiff's favor.

## VI. PRAYER FOR RELIEF

48. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendants, jointly and severally, as follows:

(a) Statutory damages of $1,000.00 from each defendant, pursuant to 15 U.S.C. § 1692k(a)(2);

(b) Costs of this action together with a reasonable attorney's fee, pursuant to 15 U.S.C. § 1692k(a)(3) and 73 P.S. § 201-9.2(a);

(c) Actual damages, including but not limited to costs and attorney's fees to defend said foreclosure action, pursuant to 15 U.S.C. § 1692k(a)(1), 42 Pa.C.S. § 8354(3), and 73 P.S. § 201-9.2(a);

(d) Treble damages, pursuant to 73 P.S. § 201-9.2(a);

(e) Punitive damages, pursuant to 42 Pa.C.S. § 8354(6); and

(f) Such other relief at law or equity as this Court may deem just and proper.

DATED:      January 20, 2014

s/ David E. Pearson
David E. Pearson (Pa. ID No. 090945)
6983 Weatham Street
Philadelphia, PA 19119
E-mail: DavidEP137@aol.com
Telephone:  (215) 849-1750
Facsimile:   (215) 849-1830
Attorney for Plaintiff

8

## VII. DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE THAT Plaintiff demands a trial by jury against Defendants, and each of them, for each cause of action so triable.

DATED:        January 20, 2014

s/ David E. Pearson
David E. Pearson (Pa. ID No. 090945)
6983 Weatham Street
Philadelphia, PA 19119
E-mail: DavidEP137@aol.com
Telephone:  (215) 849-1750
Facsimile:   (215) 849-1830
Attorney for Plaintiff

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA**

NATIONSTAR MORTGAGE LLC DBA CHAMPION
MORTGAGE COMPANY ,

                                    Plaintiff,

vs.

Geneva McDaniel;

                                    Defendant.

CIVIL DIVISION

NO.:

TYPE OF PLEADING

**CIVIL ACTION - COMPLAINT
IN MORTGAGE FORECLOSURE**

FILED ON BEHALF OF:
Nationstar Mortgage LLC DBA Champion
Mortgage Company

COUNSEL OF RECORD FOR THIS PARTY:

ZUCKER, GOLDBERG & ACKERMAN, LLC

TO:   DEFENDANT
YOU ARE HEREBY NOTIFIED TO PLEAD TO THE
ENCLOSED COMPLAINT WITHIN TWENTY (20) DAYS
FROM SERVICE HEREOF OR A DEFAULT JUDGMENT MAY BE ENTERED
AGAINST YOU.

I HEREBY CERTIFY THAT THE ADDRESS
OF THE  PLAINTIFF IS:

350 Highland Drive
Lewisville, TX  75067

AND THE DEFENDANT:
6609 North Opal Street
Philadelphia, PA  19138

CERTIFICATE OF LOCATION
I HEREBY CERTIFY THAT THE LOCATION OF
THE REAL ESTATE AFFECTED BY THIS LIEN IS
6609 N. Opal Street a/k/a Opal Street, Philadelphia  PA  19138
Municipality:  Philadelphia

_____
ATTORNEY FOR PLAINTIFF

ATTY FILE NO.: XFP 180210

Scott A. Dietterick, Esquire
Pa. I.D. #55650
Kimberly A. Bonner, Esquire
Pa. I.D. #89705
Joel A. Ackerman, Esquire
Pa I.D. #202729
Ashleigh Levy Marin, Esquire
Pa I.D. #306799
Ralph M. Salvia, Esquire
Pa I.D. #202946
Jaime R. Ackerman, Esquire
Pa I.D. #311032

200 Sheffield Street, Suite 101
Mountainside, NJ  07092
(908) 233-8500
(908) 233-1390  FAX
office@zuckergoldberg.com
File No.: XFP- 180210/tku

PROTHONOTARY
Filed and Attested by
PROTHONOTARY
07 AUG 2013 02:01 pm
S. GARRETT
JUDICIAL DISTRICT OF PENN

IF THIS IS THE FIRST NOTICE THAT YOU HAVE RECEIVED FROM THIS OFFICE, BE ADVISED THAT:

PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ. (1977), DEFENDANT(S) MAY DISPUTE THE VALIDITY OF THE DEBT OR ANY PORTION THEREOF, IF DEFENDANT(S) DO SO IN WRITING WITHIN THIRTY (30) DAYS OF RECEIPT OF THIS PLEADING, COUNSEL FOR PLAINTIFF WILL OBTAIN AND PROVIDE DEFENDANT(S) WITH WRITTEN VERIFICATION THEREOF; OTHERWISE, THE DEBT WILL BE ASSUMED TO BE VALID.  LIKEWISE, IF REQUESTED WITHIN THIRTY (30) DAYS OF RECEIPT OF THIS PLEADING, COUNSEL FOR PLAINTIFF WILL SEND DEFENDANT(S) THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM ABOVE.

THE LAW DOES NOT REQUIRE US TO WAIT UNTIL THE END OF THE THIRTY (30) DAY PERIOD FOLLOWING FIRST CONTACT WITH YOU BEFORE SUING YOU TO COLLECT THIS DEBT.  EVEN THOUGH THE LAW PROVIDES THAT YOUR ANSWER TO THIS COMPLAINT IS TO BE FILED IN THIS ACTION WITHIN TWENTY (20) DAYS, YOU MAY OBTAIN AN EXTENSION OF THAT TIME.  FURTHERMORE, NO REQUEST WILL BE MADE TO THE COURT FOR A JUDGMENT UNTIL THE EXPIRATION OF THIRTY (30) DAYS AFTER YOU HAVE RECEIVED THIS COMPLAINT.  HOWEVER, IF YOU REQUEST PROOF OF THE DEBT OR THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR WITHIN THE THIRTY (30) DAY PERIOD THAT BEGINS UPON YOUR RECEIPT OF THIS COMPLAINT, THE LAW REQUIRES US TO CEASE OUR EFFORTS (THROUGH LITIGATION OR OTHERWISE) TO COLLECT THE DEBT UNTIL WE MAIL THE REQUESTED INFORMATION TO YOU.   YOU SHOULD CONSULT AN ATTORNEY FOR ADVICE CONCERNING YOUR RIGHTS AND OBLIGATIONS IN THIS SUIT.

IF YOU HAVE FILED BANKRUPTCY AND RECEIVED A DISCHARGE, THIS IS NOT AN ATTEMPT TO COLLECT A DEBT.  IT IS AN ACTION TO ENFORCE A LIEN ON REAL ESTATE.

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA**

| | | |
|---|---|---|
| Nationstar Mortgage LLC DBA Champion Mortgage Company | : | CIVIL DIVISION |
| | : | |
| Plaintiff, | : | NO.: |
| | : | |
| vs. | : | |
| | : | |
| Geneva McDaniel; | : | |
| | : | |
| Defendant. | : | |
| | : | |

## NOTICE TO DEFEND

You have been sued in court.  If you wish to defend against the claim set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.  YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU SHOULD NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

### NOTICE TO DEFEND & LAWYER REFERRAL SERVICE

| NOTICE TO DEFEND | LAWYER REFERRAL |
|---|---|
| Lawyer Referral and Information Service | Philadelphia Bar Association |
| Philadelphia Bar Association | 1101 Market Street |
| 1101 Market Street | 11th Floor |
| 11th Floor | Philadelphia, PA 19107 |
| Philadelphia, PA 19107 | Phone (215) 238-6333 |
| Phone (215) 238-6333 | |

Case ID: 130800385

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA**

| | | |
|---|---|---|
| Nationstar Mortgage LLC DBA Champion Mortgage Company | : | CIVIL DIVISION |
| | : | |
| Plaintiff, | : | NO.: |
| | : | |
| vs. | : | |
| | : | |
| Geneva McDaniel; | : | |
| | : | |
| Defendant. | : | |
| | : | |

## AVISO

USTED HA SIDO DEMANDADO/A EN CORTE. Si usted desea defenderse de la demanda establecida en las siguientes paginas, debe tomar acción dentro de los próximos veinte (20) dias después de la notificación de esta Demanda y Aviso respondiendo personalmente o por medio de un abogado una comparecencia esc rita y radicando en la Corte por escrito sus defensas y objeciones a las demandas establecidas en su contra. Se le advierte de que si usted falla en tomar accion como se describe anteriormente, el caso puede proceder sin usted sin previo aviso y un fallo por cualquier suma de dinero reclamada en la demanda 0 cua lquier otra reclamación o remedio solicitado por el demandante, puede ser dictado en contra suya por la Corte. Usted puede perder dinero o propiedades u otros derechos importantes para usted.

USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE.  SI USTED NO TIENE UN ABOGADO O NO PUEDE PAGAR UNO, LLAME O VAVA A LA SIGUEINTE OFICINA PARA AVERIGUAR DONDE PUEDE ENCONTRAR ASISTENCIA LEGAL.

### NOTICE TO DEFEND & LAWYER REFERRAL SERVICE

| NOTICE TO DEFEND | LAWYER REFERRAL |
|:---:|:---:|
| Lawyer Referral and Information Service | Philadelphia Bar Association |
| Philadelphia Bar Association | 1101 Market Street |
| 1101 Market Street | 11th Floor |
| 11th Floor | Philadelphia, PA 19107 |
| Philadelphia, PA 19107 | Phone (215) 238-6333 |
| Phone (215) 238-6333 | |

Case ID: 130800385

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA**

Nationstar Mortgage LLC DBA Champion      :    CIVIL DIVISION
Mortgage Company                              :
                       Plaintiff,    :    NO.:
vs.                                     :
                                    :
Geneva McDaniel;                      :
                         Defendant.    :
                                    :

**CIVIL ACTION - COMPLAINT IN MORTGAGE FORECLOSURE**

And now comes Nationstar Mortgage LLC DBA Champion Mortgage Company , by its attorneys, Zucker, Goldberg & Ackerman, LLC, and files this Complaint in Mortgage Foreclosure as follows:

1.      The Plaintiff is Nationstar Mortgage LLC DBA Champion Mortgage Company, (hereinafter "plaintiff") having its principal place of business at 350 Highland Drive, Lewisville, TX  75067.

2.      The Defendant, Geneva McDaniel, is an individual whose last known address is 6609 North Opal Street, Philadelphia, PA  19138.

3.      Nationstar Mortgage LLC DBA Champion Mortgage Company, directly or through an agent, has possession of the Promissory Note.  Nationstar Mortgage LLC DBA Champion Mortgage Company is either the original payee of the Promissory Note or the Promissory Note has been duly indorsed.  A true and correct copy of said Promissory Note is marked Exhibit A, attached hereto and made a part hereof.

4.      On or about May 3, 2007, Geneva McDaniel, a single woman made, executed and delivered to Seattle Mortgage Company a Mortgage in the original principal amount of $142,500.00 on the premises described in the legal description marked Exhibit B, attached hereto and made a part hereof.  Said mortgage being recorded in the Office of the Recorder of Deeds of Philadelphia County on May 11, 2007, Instrument #51691876. The mortgage is a matter of public record and is incorporated herein by reference in accordance with Pa.R.C.P. 1019(g), which rule relieves the Plaintiff from its obligation to attach documents to pleadings if those documents are of public record.

5.      By Assignment of Mortgage recorded May 21, 2010, the mortgage was assigned to Bank of America, N.A. which assignment is recorded in the Office of the Recorder of Deeds for Philadelphia County, Instrument #52214554.  The Assignment is a matter of public record and is incorporated herein by reference in accordance with Pa.R.C.P. 1019(g), which rule relieves the Plaintiff from its obligation to attach documents to pleadings if those documents are of public record.

                                                     Zucker, Goldberg & Ackerman, LLC
                                                     XFP-180210

Case ID: 130800385

6.      Plaintiff is the current Mortgagee. By further Assignment of Mortgage recorded November 21, 2012, the mortgage was assigned to Champion Mortgage Company, which assignment is recorded in the Office of the Register of Deeds for Philadelphia County, Instrument #52563552. The name of the plaintiff as set forth in the Complaint and the assignment of mortgage identify the same entity. The Assignment is a matter of public record and is incorporated herein by reference in accordance with Pa.R.C.P. 1019(g), which rule relieves the Plaintiff from its obligation to attach documents to pleadings if those documents are of public record.

7.      Geneva McDaniel is the record and real owner of the aforesaid mortgaged premises.

8.      Due to, inter alia, Mortgagor no longer occupies the property as his/her primary residence; Defendants are now in default under the terms of the aforesaid Mortgage.

9.      As of 07/12/2013   the amount due and owing Plaintiff by Defendant(s) is as follows:

Principal  $69,390.50
Interest through 07/31/2013  $723.33
MIP  $3140.99
Inspection fee  $20.00

**Total**  $73,274.82

plus interest and all other additional amounts authorized under the Mortgage and Pennsylvania Law, actually and reasonably incurred by Plaintiff, including but not limited to, costs (including escrow advances) and Plaintiff's attorneys' fees and expenses.  Plaintiff reserves the right to file a motion in the above-captioned action to add such additional sums authorized under the Mortgage and Pennsylvania Law to the above amount due and owing when incurred.

10.      Notice of Intention to Foreclose as set forth in Act 6 of 1974, Notice of Homeowner's Emergency Mortgage Assistance Program pursuant to Act 91 of 1983, as amended in 2008, and/or Notice of Default as required by the mortgage document, as applicable, have been sent to the Defendant(s). A true and correct copy of said Notice is marked Exhibit C, attached hereto and made a part hereof.

11.      This action does not come under Act 91 of 1983 because the mortgage is FHA insured.

Zucker, Goldberg & Ackerman, LLC
XFP-180210

12.     This is an *in rem* action only against the aforesaid mortgaged premises.  Plaintiff is <u>not</u> seeking a judgment of personal liability against the Defendant(s), but reserves its right to do so in a separate legal action if such right exists.  If Defendant(s) have received a discharge of personal liability in a bankruptcy proceeding, this action is in no way an attempt to re-establish such liability.

WHEREFORE, Plaintiff demands an *in rem* judgment in mortgage foreclosure for the amount due of  $73,274.82    with interest thereon plus additional costs (including additional escrow advances), additional attorneys' fees and costs and for foreclosure and sale of the mortgaged premises.

ZUCKER, GOLDBERG & ACKERMAN, LLC

BY:_____

Dated:

Scott A. Dietterick, Esquire;  PA I.D. #55650
Kimberly A. Bonner, Esquire;  PA I.D. #89705
Joel A. Ackerman, Esquire;  PA I.D. #202729
Ashleigh L. Marin, Esquire;  PA I.D. #306799
Ralph M. Salvia, Esquire;  PA I.D. #202946
Jaime R. Ackerman, Esquire; PA I.D. #311032
Attorneys for Plaintiff
XFP-180210/tku
200 Sheffield Street, Suite 101
Mountainside, NJ  07092
(908) 233-8500; (908) 233-1390 FAX
Email:  Office@zuckergoldberg.com

**THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Zucker, Goldberg & Ackerman, LLC
XFP-180210

# EXHIBIT A

Zucker, Goldberg & Ackerman, LLC
XFP-180210

Case ID: 130800385

855805

## ADJUSTABLE-RATE NOTE
## HOME EQUITY CONVERSION

State of Pennsylvania

**NOTICE TO BORROWER: THIS DOCUMENT CONTAINS PROVISIONS FOR A VARIABLE INTEREST RATE. THIS NOTE LIMITS THE MAXIMUM RATE I MUST PAY.**

Date: **May 3, 2007**
Property Address:   **6609 North Opal Street**
**Philadelphia, PA 19138**

**1.    DEFINITIONS**
"Borrower" means each person signing at the end of this Note. "Lender" means:  **Seattle Mortgage Company** and its successors and assigns.  "Secretary" means the Secretary of Housing and Urban Development or his or her authorized representatives.

**2.    BORROWER'S PROMISE TO PAY; INTEREST**
In return for amounts to be advanced by Lender to or for the benefit of Borrower, including future advances up to a maximum principal amount of **$142,500.00**, under the terms of a Home Equity Conversion Loan Agreement dated **May 3, 2007** ("Loan Agreement"), Borrower promises to pay to the order of Lender a principal amount equal to the sum of all Loan Advances made under the Loan Agreement with interest. All amounts advanced by Lender, plus interest, if not paid earlier, are due and payable on **March 23, 2093**. Interest will be charged on unpaid principal at the rate of **Five and 9/10's percent (5.9%)** per year until the full amount of principal has been paid. The interest rate may change in accordance with Paragraph 5 of this Note. Accrued interest shall be added to the principal balance as a Loan Advance at the end of each month.

**3.    PROMISE TO PAY SECURED**
Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." That Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

**4.    MANNER OF PAYMENT**
**(A)    Time**
Borrower shall pay all outstanding principal and accrued interest to Lender upon receipt of a notice by Lender requiring immediate payment-in-full, as provided in Paragraph 7 of this Note.

**(B)    Place**
Payment shall be made at:  **SEATTLE MORTGAGE COMPANY, 190 QUEEN ANNE AVE N, SUITE 500, SEATTLE, WA 98109** or any such other place as Lender may designate in writing by notice to Borrower.

**(C)    Limitation of Liability**
Borrower shall have no personal liability for payment of the debt. Lender shall enforce the debt only through sale of the Property covered by the Security Instrument ("Property"). If this Note is assigned to the Secretary, the Borrower shall not be liable for any difference between the mortgage insurance benefits paid to Lender and the outstanding indebtedness, including accrued interest, owed by Borrower at the time of the assignment.

**5.    INTEREST RATE CHANGES**
**(A)    Change Date**
The interest rate may change on the first day of **August 2007**, and on [] that day of each succeeding year [X] the first day of each succeeding month. "Change Date" means each date on which the interest rate could change.

**(B)    The Index**
Beginning with the first Change Date, the interest rate will be based on an Index. "Index" means the weekly average yield on United States Treasury Securities adjusted to a constant maturity of one year, as made available by the Federal Reserve Board. "Current Index" means the most recent Index figure available 30 days before the Change Date. If the Index (as defined above) is no longer available, Lender will use as a new Index any index prescribed by the Secretary. Lender will give Borrower notice of the new Index.

**(C)    Calculation of Interest Rate Changes**
Before each Change Date, Lender will calculate a new interest rate by adding a margin of  **One and 0/10's** percentage points (1%) to the current Index. Subject to the limits stated in Paragraph 5(D) of this Note, this amount will be the new interest rate until the next Change

Case ID: 130800385

Date.

**(D)   Limits on Interest Rate Changes**
[]   The interest rate will never increase or decrease by more than two percentage points (2.0%) on any single Change Date. The interest rate will never be more than five percentage points (5.0%) higher or lower than the initial interest rate stated in Paragraph 2 of this Note.
[X]   The interest rate will never increase above **Fifteen  and 9/10's percent (15.9%)**.

**(E)   Notice of Changes**
Lender will give notice to Borrower of any change in the interest rate. The notice must be given at least 25 days before the new interest rate takes effect, and must set forth (i) the date of the notice, (ii) the Change Date, (iii) the old interest rate, (iv) the new interest rate, (v) the Current Index, (vi) the method of calculating the adjusted interest rate, and (vii) any other information which may be required by law from time to time.

**(F)   Effective Date of Changes**
A new interest rate calculated in accordance with paragraphs 5(C) and 5(D) of this Note will become effective on the Change Date, unless the Change Date occurs less than 25 days after Lender has given the required notice. If the interest rate calculated in accordance with Paragraphs 5(C) and 5(D) of this Note decreased, but Lender failed to give timely notice of the decrease and applied a higher rate than the rate which should have been stated in a timely notice, then Lender shall recalculate the principal balance owed under this Note so it does not reflect any excessive interest.

**6.   BORROWER'S RIGHT TO PREPAY**
A Borrower receiving monthly payments under the Loan Agreement has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty on the first day of any month. Otherwise, a Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty after giving Lender two weeks notice. Any amount of debt prepaid will first be applied to reduce the principal balance of the Second Note described in Paragraph 11 of this Note and then to reduce the principal balance of this Note.

All prepayments of the principal balance shall be applied by Lender as follows:

*First*, to that portion of the principal balance representing aggregate payments for mortgage insurance premiums;

*Second*, to that portion of the principal balance representing aggregate payments for servicing fees;

*Third*, to that portion of the principal balance representing accrued interest due under the Note; and

*Fourth*, to the remaining portion of the principal balance. A Borrower may specify whether a prepayment is to be credited to that portion of the principal balance representing monthly payments or the line of credit. If Borrower does not designate which portion of the principal balance is to be prepaid, Lender shall apply any partial prepayments to an existing line of credit or create a new line of credit.

**7.   IMMEDIATE PAYMENT-IN-FULL**
**(A)   Death or Sale**
Lender may require immediate payment-in-full of all outstanding principal and accrued interest if:

(i)   A Borrower dies and the Property is not the principal residence of at least one surviving Borrower, or

(ii)   A Borrower conveys all of his or her title to the Property and no other Borrower retains title to the Property in fee simple or on a leasehold interest as set forth in 24 CFR 206.45(a).

**(B)   Other Grounds**
Lender may require immediate payment-in-full of all outstanding principal and accrued interest, upon approval by an authorized representative of the Secretary, if:

(i)   The Property ceases to be the principal residence of a Borrower for reasons other than death and the Property is not the principal residence of at least one other Borrower;

(ii)   For a period of longer than 12 consecutive months, a Borrower fails to physically occupy the Property because of physical or mental illness and the Property is not the principal residence of at least one other Borrower; or

Case ID: 130800385

(iii)   An obligation of the Borrower under the Security Instrument is not performed.

**(C)   Payment of Costs and Expenses**

If Lender has required immediate payment-in-full as described above, the debt enforced through sale of the Property may include costs and expenses, including reasonable and customary attorney's fees, associated with enforcement of this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

**(D)   Trusts**

Conveyance of a Borrower's interest in the Property to a trust which meets the requirements of the Secretary, or conveyance of a trust's interests in the Property to a Borrower, shall not be considered a conveyance for purposes of this Paragraph. A trust shall not be considered an occupant or be considered as having a principal residence for purposes of this Paragraph.

**8.   WAIVERS**

Borrower waives the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

**9.   GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at an different address if Borrower is given a notice of that different address.

**10.   OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note only through sale of the Property.

**11.   RELATIONSHIP TO SECOND NOTE**

**(A)   Second Note**

Because Borrower will be required to repay amounts which the Secretary may make to or on behalf of Borrower pursuant to Section 255(i)(1)(A) of the National Housing Act and the Loan Agreement, the Secretary has required Borrower to grant a Second Note to the Secretary.

**(B)   Relationship of Secretary Payments to this Note**

Payments made by the Secretary shall not be included in the debt due under this Note unless:

(i)   This Note is assigned to the Secretary; or

(ii)   The Secretary accepts reimbursements by the Lender for all payments made by the Secretary.

If the circumstances described in (i) or (ii) occur, then all payments by the Secretary, including interest on the payments, shall be included in the debt.

**(C)   Effect on Borrower**

Where there is no assignment or reimbursement as described in (B)(i) or (ii), and the Secretary makes payments to Borrower, then Borrower shall not:

(i)   Be required to pay amounts owed under this Note until the Secretary has required payment-in-full of all outstanding principal and accrued interest under the Second Note held by the Secretary, notwithstanding anything to the contrary in Paragraph 7 of this Note; or

(ii)   Be obligated to pay interest or shared appreciation under this Note at any time, whether accrued before or after the payments by the Secretary, and whether or not accrued interest has been included in the principal balance of this Note, notwithstanding anything to the contrary in Paragraphs 2 or 5 of this Note or any Allonge to this Note.

**12.   SHARED APPRECIATION (If Applicable)**

If Borrower has executed a Shared Appreciation Allonge, the covenants of the Allonge shall be incorporated into and supplement the covenants of this Note as if the Allonge were a part of this Note.



Case ID: 130800385

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

*Geneva M McDaniel*

**Geneva McDaniel**

Case ID: 130800385

PAY TO THE ORDER OF

SEATTLE SAVINGS BANK

WITHOUT RECOURSE

SEATTLE MORTGAGE COMPANY

MARGARET COUSINS
VICE PRESIDENT

PAY TO THE ORDER OF

WITHOUT RECOURSE

SEATTLE SAVINGS BANK

MARGARET COUSINS
VICE PRESIDENT

**EXHIBIT B**

Zucker, Goldberg & Ackerman, LLC
XFP-176295

Case ID: 130800385

07-0049

## Exhibit A

ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected, SITUATE on the East side of Opal Street at the distance of four hundred feet Southward from the South side of Sixty-seventh Avenue North (sixty feet wide), in the Tenth (formerly the Fiftieth) Ward of the City of Philadelphia;

CONTAINING in the front or breadth on the said Opal Street eighteen feet two inches and extending of that width in the length or depth Eastward between parallel lines at the right angles to the said Opal Street Seventy-five feet to the middle line of a certain fourteen feet wide driveway, which extends Northward into the said Sixty-seventh Avenue North and Southward into Sixty-sixth Avenue North

TOGETHER WITH the free and common use, right, liberty and priviledge of the aforesaid fourteen feet wide driveway as and for an automobile driveway, passageway and watercourse at all times hereafter forever, in common with the owners, tenants and occupiers of the other lots of ground bounding thereon and entitled to the use thereof. SUBJECT however, to the proportionate part of the expense of keeping said driveway in good order and repair.

BEING known as 6609 North Opal Street.

BRT NO. 10-2-043300.

BEING the same premises which Robert J. McDaniel and Geneva McDaniel, Husband and Wife, by Indenture dated 06-21-02 and recorded 08-22-02 in the Office of the Recorder of Deeds in and for the County of Philadelphia as Document No. 50514657, granted and conveyed unto Geneva McDaniel.

**EXHIBIT C**

Zucker, Goldberg & Ackerman, LLC
XFP-180210

Case ID: 130800385



**Reverse Mortgage Servicing Department**
P.O Box 91322, Seattle, WA 98111-9422
Toll-Free Customer Service: 855-683-3095
Toll-Free Customer Fax: 866-621-1036

April 16, 2013

Sent via Certified Mail

GENEVA MCDANIEL
6609 NORTH OPAL STREET
PHILADELPHIA, PA 19138

### Mortgage Due & Payable Notification

**This is an attempt to collect a debt. However, if your loan is currently, or was previously involved in a bankruptcy where your case was discharged and/or you are surrendering the real property in which Champion Mortgage has an interest, we are not seeking personal liability against you. We are pursuing our rights as they relate to the real property under the terms of the Deed of Trust or Mortgage.**

RE:     Reverse Mort

Dear Borrower:

Champion Mortgage services the reverse mortgage loan identified above for Nationstar Mortgage LLC d/b/a Champion Mortgage Company. The reverse mortgage is technically in default due to the non-occupancy of the property as the principal residence. The outstanding balance on this loans is $75,347.48* as calculated to the end of the current month.

This default must be resolved by any of the following methods:

A.  The Borrower and Co-Borrower (if applicable) move back to re-occupy the property as their principal residence.

B.  The debt must be paid-in-full within 30 days from the date of this letter.

C.  The mortgage will be released and no deficiency judgment filed if the property sells for the lesser of the debt, including shared appreciation, or 95% of the appraised value with the proceeds made payable to Champion Mortgage, even if the debt is greater than the appraised value.

  i.   Please contact us for more information if you are interested in this option and believe that the property value is less than the outstanding principal balance.

D.  If the debt is not paid-in-full, or the property is not sold within 30 days from the date of this letter, we are required to initiate foreclosure proceedings.

E.  We are permitted to consider accepting a deed-in-lieu of foreclosure, as long as good marketable title can be conveyed.

**Whichever option that you choose, HUD guidelines require that we obtain a full appraisal on the property. You may be receiving a phone call from our appraisal vendor in the coming weeks to attempt to schedule an appointment to visit the property.**

**If you fail to cure this breach within 30 days from the date of this letter, we will proceed immediately with foreclosure and sale of the property.**

Once the foreclosure action begins, you can still pay all monies due, including attorney's fees, and have the foreclosure process discontinued.

In addition, you are strongly encouraged to contact one of the HUD-approved housing counseling agencies listed below for a free counseling session. Your counselor will help you review your financial situation. In addition, your counselor will be able to refer you to resources that might be able to assist you.

- National Council on Aging                          (800) 510-0301
- CredAbility                                        (888) 395-2664
- Money Management International                     (866) 765-3328
- National Foundation for Credit Counseling         (866) 363-2227
- NeighborWorks America                             (888) 990-4326

If you have difficulty reaching us or a HUD-approved housing counseling agency, you may contact the FHA National Servicing Center (NSC) Monday through Friday between the hours of 7:00 am and 7:00 pm (Central Standard Time) at (877) 622-8525. The NSC responds to all matters of FHA-insured mortgage issues: therefore, you should ask to speak to with HECM Program Specialist.

We realize these are very difficult times and are willing to work with you, but it is essential that you contact us immediately to discuss these important matters. You may reach our Reverse Mortgage Servicing Center at 855-683-3095 from 8am - 8pm EST, Monday through Thursday, and 8am-5pm EST on Fridays.


Sincerely,


Reverse Mortgage Servicing Department

* This is not a payoff figure. Please contact our Reverse Mortgage Servicing Department to obtain an accurate payoff amount.

**This is an attempt to collect a debt and any information obtained will be used for that purpose.**

Case ID: 130800385



**Reverse Mortgage Servicing Department**
P.O Box 91322, Seattle, WA 98111-9422
Toll-Free Customer Service: 855-683-3095
Toll-Free Customer Fax: 866-621-1036

| Servicemembers Civil Relief Act Notice Disclosure | U.S. Department of Housing and Urban Development Office of Housing | OMB Approval 2502-0584 Exp 11/30/2014 |
|---|---|---|

## Legal Rights and Protections Under the SCRA

Servicemembers on "active duty" or "active service," or a spouse or dependent of such a servicemember may be entitled to certain legal protections and debt relief pursuant to the Servicemembers Civil Relief Act (50 USC App. §§ 501-597b) (SCRA).

## Who May Be Entitled to Legal Protections Under the SCRA?

- Regular members of the U.S. Armed Forces (Army, Navy, Air Force, Marine Corps, and Coast Guard).
- Reserve and National Guard personnel who have been activated and are on Federal active duty.
- National Guard personnel under a call or order to active duty for more than 30 consecutive days under section 502(f) of title 32, United States Code, for purposes of responding to a national emergency declared by the President and supported by Federal funds.
- Active service members of the commissioned corps of the Public Health Service and the National Oceanic and Atmospheric Administration.
- Certain United States citizens serving with the armed forces of a nation with which the United States is allied in the prosecution of a war or military action.

## What Legal Protections Are Servicemembers Entitled To Under the SCRA?

- The SCRA states that a debt incurred by a servicemember, or servicemember and spouse jointly, prior to entering military service shall not bear interest at a rate above 6 % during the period of military service and one year thereafter, in the case of an obligation or liability consisting of a mortgage, trust deed, or other security in the nature of a mortgage, or during the period of military service in the case of any other obligation or liability.
- The SCRA states that in a legal action to enforce a debt against real estate that is filed during, or within one year after the servicemember's military service, a court may stop the proceedings for a period of time, or adjust the debt. In addition, the sale, foreclosure, or seizure of real estate shall not be valid if it occurs during, or within one year after the servicemember's military service unless the creditor has obtained a valid court order approving the sale, foreclosure, or seizure of the real estate.
- The SCRA contains many other protections besides those applicable to home loans.

## How Does A Servicemember or Dependent Request Relief Under the SCRA?

In order to request relief under the SCRA from loans with interest rates above 6% a servicemember or spouse must provide a written request to the lender, together with a copy of the servicemember's military orders. You may contact us at 855-683-3095 from 8am - 8pm EST, Monday through Thursday, and 8am-5pm EST on Fridays or write to us at:

Champion Mortgage
P.O. Box 91322
Seattle, WA 98111-9822

- There is no requirement under the SCRA, however, for a servicemember to provide a written notice or a copy of a servicemember's military orders to the lender in connection with a foreclosure or other debt enforcement action against real estate. Under these circumstances, lenders should inquire about the military status of a person by searching the Department of Defense's Defense Manpower Data Center's website, contacting the servicemember, and examining their files for indicia of military service. Although there is no requirement for servicemembers to alert the lender of their military status in these situations, it still is a good idea for the servicemember to do so.

Case ID: 130800385

## How Does a Servicemember or Dependent Obtain Information About the SCRA?

- Servicemembers and dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer. A military legal assistance office locator for all branches of the Armed Forces is available at http://legalassistance.law.af.mil/content/locator.php

- "Military OneSource" is the U. S. Department of Defense's information resource. If you are listed as entitled to legal protections under the SCRA (see above), please go to www.militaryonesource.com/scra or call 1-800-342-9647 (toll free from the Unites States) to find out more information. Dialing instructions for areas outside the United States are provided on the website.

form **HUD-92070**
(02/2013)

Case ID: 130800385



CERTIFIED MAIL

7010 2780 0001 6116 7925

P.O. Box 91322
Seattle, WA 98111-9422

Return Service Requested

GENEVA MCDANIEL
6609 NORTH OPAL STREET
PHILADELPHIA, PA 19138

Case ID: 130800385

## VERIFICATION

I, __Valora Ledford__, __Assistant Secretary__ (title), depose and say subject to the penalties of 18 Pa.C.S.A., sec. 4904 relating to unsworn falsification to authorities that the facts set forth in the foregoing pleading are true and correct to the best of my information, knowledge and belief.

By: Nationstar Mortgage LLC DBA
Champion Mortgage Company

Name: _Valora Ledford_
Title: _Assistant Secretary_

File No:          180210
Borrower Name:    Geneva McDaniel

NOTICE TO PLEAD

TO PLAINTIFF:
You are hereby notified to file a written response to
the enclosed preliminary objections within twenty
(20) days from service hereof or a judgment may be
entered against you.

/s/ David E. Pearson

_____
David E. Pearson, Esquire, Attorney for Defendant

David E. Pearson, Esquire
Identification No. 90945
6983 Weatham Street
Philadelphia, PA  19119
(215) 849-1750                                   Attorney for Defendant

---

| |
|---|---|
| NATIONSTAR MORTGAGE LLC, | COURT OF COMMON PLEAS OF |
| d/b/a Champion Mortgage Company, | PHILADELPHIA COUNTY, |
| Plaintiff, | PENNSYLVANIA |
| v. | |
| | AUGUST TERM, 2013 |
| GENEVA McDANIEL, | NO. 385 |
| Defendant. | |

---

## PRELIMINARY OBJECTIONS OF DEFENDANT TO PLAINTIFF'S COMPLAINT

Defendant, by and through her attorney, David E. Pearson, Esquire, files the within

preliminary objections to Plaintiff's complaint in mortgage foreclosure, filed on August 7, 2013,

pursuant to Pennsylvania Rule of Civil Procedure 1028(a)(5), seeking to dismiss the complaint

for lack of capacity to sue, as follows:

1.     In paragraph 4 of the complaint, Plaintiff alleged that Defendant made, executed, and

delivered the subject mortgage, duly recorded as instrument #51691876, to Seattle Mortgage

Company.  A true and exact copy of said alleged mortgage is attached hereto, incorporated

herein, and marked as Exhibit "1."

2.     In paragraph 5 of the complaint, Plaintiff alleged that said mortgage was then

assigned, via an assignment duly recorded as instrument #52214554, to Bank of America, N.A.

1

Case ID: 130800385
Control No.: 13111560

A true and exact copy of said alleged assignment is attached hereto, incorporated herein, and marked as Exhibit "2."

3.      In paragraph 6 of the complaint, Plaintiff alleged that the mortgage was subsequently assigned, via an assignment duly recorded as instrument #52563552, to Champion Mortgage Company.  A true and exact copy of said alleged assignment is attached hereto, incorporated herein, and marked as Exhibit "3."

4.      "Champion Mortgage Company" is a fictitious name.  A true and exact copy of its Corporations System Search Results from the Pennsylvania Department of State is attached hereto, incorporated herein, and marked as Exhibit "4."

5.      The subject mortgage was never assigned to Plaintiff.

6.      Plaintiff, therefore, was not the real party in interest in this action.

7.      Accordingly, Plaintiff lacks capacity to sue, pursuant to Pennsylvania Rule of Civil Procedure 2002(a), which requires that all actions shall be prosecuted by and in the name of the real party in interest.

WHEREFORE, Defendant respectfully moves this Honorable Court for an order dismissing Plaintiff's complaint with prejudice.

/s/ David E. Pearson
_____
David E. Pearson, Esquire
Attorney for Defendant

Dated: November 8, 2013

2

| Court of Common Pleas of Philadelphia County Trial Division Civil Cover Sheet | For Prothonotary Use Only (Docket Number) |
|---|---|

| **PLAINTIFF'S NAME** Nationstar Mortgage LLC DBA Champion Mortgage Company | **DEFENDANT'S NAME** Geneva McDaniel; |
|---|---|
| **PLAINTIFF'S ADDRESS** 350 Highland Drive, Lewisville, TX  75067. | **DEFENDANT'S ADDRESS** 6609 North Opal Street Philadelphia, PA  19138 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |

*Filed and Attested by PROTHONOTARY 13 DEC 2013 03:39 pm P. MARTIN*

| **TOTAL NO. OF PLAINTIFFS** 1 | **TOTAL NO. OF DEFENDANTS** 1 | **COMMENCEMENT OF ACTION** ☒ Complaint   ☐ Petition Action   ☐ Notice of Appeal ☐ Writ of Summons      ☐ Transfer from other jurisdiction |
|---|---|---|

| **AMOUNT IN CONTROVERSY** [ ]  $50,000 or less [X]  More than $50,000.00 | **COURT PROGRAMS** ☐ Arbitration ☐ Jury ☒ Non-Jury ☐ Other: | ☐ Mass Tort ☐ Savings Action ☐ Petition | ☐ Commerce ☐ Statutory Appeals ☐ Minor Court Appeal | ☐ Settlement ☐ Minors ☐ W/D/Survival |
|---|---|---|---|---|

| **CASE TYPE AND CODE (SEE INSTRUCTIONS):** |
|---|
| **REAL ESTATE- 3N** |

| **STATUTORY BASIS FOR CAUSE OF ACTION (SEE INSTRUCTIONS)** |
|---|
|  |

| **RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)** | **IS CASE SUBJECT TO COORDINATION ORDER?** | | |
|---|---|---|---|
| | | Yes | No |
| | | | |
| | | | |
| | | | |

| **TO THE PROTHONOTARY:** Please enter my appearance on behalf of Plaintiff; Papers may be served at the address set forth below: |
|---|

| **NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY (OR PRO SE LITIGENT)** Zucker, Goldberg & Ackerman, LLC Joel A. Ackerman, Esquire | **ADDRESS (SEE INSTRUCTIONS)** 200 Sheffield Street, Suite 101 Mountainside, NJ  07092 | |
|---|---|---|
| **PHONE NUMBER** 908-233-8500 | **SUPREME COURT IDENTIFICATION NO.** #202720 | **EMAIL ADDRESS** jackerman@zuckergoldberg.com | **ATTY FILE NO.:** XFP-180210 |
| | | **FAX NO. (OPTIONAL- FOR SERVICE):** 908-233-1390 | |
| **DATE:** December 12, 2013 | **SIGNATURE:** *Joel A. Ackerman, Esq.* | | |

Case ID: 130800385

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA**

NATIONSTAR MORTGAGE LLC DBA CHAMPION
MORTGAGE COMPANY ,

                    Plaintiff,

vs.

Geneva McDaniel;

                    Defendant.

TO:   DEFENDANT
YOU ARE HEREBY NOTIFIED TO PLEAD TO THE
ENCLOSED COMPLAINT WITHIN TWENTY (20) DAYS
FROM SERVICE HEREOF OR A DEFAULT JUDGMENT MAY BE ENTERED
AGAINST YOU.

I HEREBY CERTIFY THAT THE ADDRESS
OF THE PLAINTIFF IS:
350 Highland Drive
Lewisville, TX  75067

AND THE DEFENDANT:
6609 North Opal Street
Philadelphia, PA  19138

CERTIFICATE OF LOCATION
I HEREBY CERTIFY THAT THE LOCATION OF
THE REAL ESTATE AFFECTED BY THIS LIEN IS
6609 N. Opal Street a/k/a Opal Street, Philadelphia  PA  19138
Municipality:  Philadelphia

ATTORNEY FOR PLAINTIFF

ATTY FILE NO.: XFP 180210

CIVIL DIVISION

NO.: 13-08-00385

TYPE OF PLEADING

**CIVIL ACTION - AMENDED COMPLAINT
IN MORTGAGE FORECLOSURE**

FILED ON BEHALF OF:
Nationstar Mortgage LLC DBA Champion
Mortgage Company

COUNSEL OF RECORD FOR THIS PARTY:

ZUCKER, GOLDBERG & ACKERMAN, LLC

Scott A. Dietterick, Esquire
Pa. I.D. #55650
Kimberly A. Bonner, Esquire
Pa. I.D. #89705
Joel A. Ackerman, Esquire
Pa I.D. #202729
Ashleigh Levy Marin, Esquire
Pa I.D. #306799
Ralph M. Salvia, Esquire
Pa I.D. #202946
Jaime R. Ackerman, Esquire
Pa I.D. #311032
Jana Fridfinnsdottir, Esquire
Pa I.D. #315944

200 Sheffield Street, Suite 101
Mountainside, NJ  07092
(908) 233-8500
(908) 233-1390  FAX
office@zuckergoldberg.com
File No.: XFP- 180210/se-pa

IF THIS IS THE FIRST NOTICE THAT YOU HAVE RECEIVED FROM THIS OFFICE, BE ADVISED THAT:

PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ. (1977), DEFENDANT(S) MAY DISPUTE THE VALIDITY OF THE DEBT OR ANY PORTION THEREOF, IF DEFENDANT(S) DO SO IN WRITING WITHIN THIRTY (30) DAYS OF RECEIPT OF THIS PLEADING, COUNSEL FOR PLAINTIFF WILL OBTAIN AND PROVIDE DEFENDANT(S) WITH WRITTEN VERIFICATION THEREOF; OTHERWISE, THE DEBT WILL BE ASSUMED TO BE VALID. LIKEWISE, IF REQUESTED WITHIN THIRTY (30) DAYS OF RECEIPT OF THIS PLEADING, COUNSEL FOR PLAINTIFF WILL SEND DEFENDANT(S) THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM ABOVE.

THE LAW DOES NOT REQUIRE US TO WAIT UNTIL THE END OF THE THIRTY (30) DAY PERIOD FOLLOWING FIRST CONTACT WITH YOU BEFORE SUING YOU TO COLLECT THIS DEBT. EVEN THOUGH THE LAW PROVIDES THAT YOUR ANSWER TO THIS COMPLAINT IS TO BE FILED IN THIS ACTION WITHIN TWENTY (20) DAYS, YOU MAY OBTAIN AN EXTENSION OF THAT TIME. FURTHERMORE, NO REQUEST WILL BE MADE TO THE COURT FOR A JUDGMENT UNTIL THE EXPIRATION OF THIRTY (30) DAYS AFTER YOU HAVE RECEIVED THIS COMPLAINT. HOWEVER, IF YOU REQUEST PROOF OF THE DEBT OR THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR WITHIN THE THIRTY (30) DAY PERIOD THAT BEGINS UPON YOUR RECEIPT OF THIS COMPLAINT, THE LAW REQUIRES US TO CEASE OUR EFFORTS (THROUGH LITIGATION OR OTHERWISE) TO COLLECT THE DEBT UNTIL WE MAIL THE REQUESTED INFORMATION TO YOU. YOU SHOULD CONSULT AN ATTORNEY FOR ADVICE CONCERNING YOUR RIGHTS AND OBLIGATIONS IN THIS SUIT.

IF YOU HAVE FILED BANKRUPTCY AND RECEIVED A DISCHARGE, THIS IS NOT AN ATTEMPT TO COLLECT A DEBT. IT IS AN ACTION TO ENFORCE A LIEN ON REAL ESTATE.

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| Nationstar Mortgage LLC DBA Champion Mortgage Company | : | CIVIL DIVISION |
| | : | |
| Plaintiff, | : | NO.: 13-08-00385 |
| | : | |
| vs. | : | |
| | : | |
| Geneva McDaniel; | : | |
| | : | |
| Defendant. | : | |
| | : | |

### NOTICE TO DEFEND

You have been sued in court.  If you wish to defend against the claim set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.  YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU SHOULD NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

### NOTICE TO DEFEND & LAWYER REFERRAL SERVICE

| NOTICE TO DEFEND | LAWYER REFERRAL |
|:---:|:---:|
| Lawyer Referral and Information Service | Philadelphia Bar Association |
| Philadelphia Bar Association | 1101 Market Street |
| 1101 Market Street | 11th Floor |
| 11th Floor | Philadelphia, PA 19107 |
| Philadelphia, PA 19107 | Phone (215) 238-6333 |
| Phone (215) 238-6333 | |

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA**

| | | |
|---|---|---|
| Nationstar Mortgage LLC DBA Champion Mortgage Company | : | CIVIL DIVISION |
| | : | |
| Plaintiff, | : | NO.: 13-08-00385 |
| | : | |
| vs. | : | |
| | : | |
| Geneva McDaniel; | : | |
| | : | |
| Defendant. | : | |
| | : | |

## AVISO

USTED HA SIDO DEMANDADO/A EN CORTE. Si usted desea defenderse de la demanda establecida en las siguientes paginas, debe tomar acción dentro de los próximos veinte (20) dias después de la notificación de esta Demanda y Aviso respondiendo personalmente o por medio de un abogado una comparecencia esc rita y radicando en la Corte por escrito sus defensas y objeciones a las demandas establecidas en su contra. Se le advierte de que si usted falla en tomar accion como se describe anteriormente, el caso puede proceder sin usted sin previo aviso y un fallo por cualquier suma de dinero reclamada en la demanda 0 cua lquier otra reclamación o remedio solicitado por el demandante, puede ser dictado en contra suva por la Corte. Usted puede perder dinero o propiedades u otros derechos importantes para usted.

USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE UN ABOGADO O NO PUEDE PAGAR UNO, LLAME O VAVA A LA SIGUEINTE OFICINA PARA AVERIGUAR DONDE PUEDE ENCONTRAR ASISTENCIA LEGAL.

### NOTICE TO DEFEND & LAWYER REFERRAL SERVICE

<table>
<tr><td align="center">NOTICE TO DEFEND</td><td align="center">LAWYER REFERRAL</td></tr>
<tr>
<td align="center">Lawyer Referral and Information Service<br>Philadelphia Bar Association<br>1101 Market Street<br>11th Floor<br>Philadelphia, PA 19107<br>Phone (215) <b>238-6333</b></td>
<td align="center">Philadelphia Bar Association<br>1101 Market Street<br>11th Floor<br>Philadelphia, PA 19107<br>Phone (215) <b>238-6333</b></td>
</tr>
</table>

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| Nationstar Mortgage LLC DBA Champion Mortgage Company | : | CIVIL DIVISION |
| | : | |
| Plaintiff, | : | NO.: 13-08-00385 |
| | : | |
| vs. | : | |
| | : | |
| Geneva McDaniel; | : | |
| | : | |
| Defendant. | : | |

### CIVIL ACTION - AMENDED COMPLAINT IN MORTGAGE FORECLOSURE

And now comes Nationstar Mortgage LLC DBA Champion Mortgage Company , by its attorneys, Zucker, Goldberg & Ackerman, LLC, and files this Amended Complaint in Mortgage Foreclosure as follows:

1.     The Plaintiff is Nationstar Mortgage LLC DBA Champion Mortgage Company , (hereinafter "plaintiff") having its principal place of business at 350 Highland Drive, Lewisville, TX 75067.

2.     The Defendant, Geneva McDaniel, is an individual whose last known address is 6609 North Opal Street, Philadelphia, PA 19138.

3.     Nationstar Mortgage LLC DBA Champion Mortgage Company , directly or through an agent, has possession of the Promissory Note.  Nationstar Mortgage LLC DBA Champion Mortgage Company  is either the original payee of the Promissory Note or the Promissory Note has been duly indorsed. A true and correct copy of said Promissory Note is marked Exhibit A, attached hereto and made a part hereof.

4.     On or about May 3, 2007, Geneva McDaniel, a single woman made, executed and delivered to Seattle Mortgage Company a Mortgage in the original principal amount of $142,500.00 on the premises described in the legal description, attached hereto and made a part hereof. Said mortgage being recorded in the Office of the Recorder of Deeds of Philadelphia County on May 11, 2007, Instrument #51691876. A true and correct copy of said Mortgage is marked Exhibit B, attached hereto and made a part hereof.

5.     By Assignment of Mortgage recorded May 21, 2010, the mortgage was assigned to Bank of America, N.A. which assignment is recorded in the Office of the Recorder of Deeds for Philadelphia County, Instrument #52214554.  A true and correct copy of said Assignment is marked Exhibit C, attached hereto and made a part hereof.

6.      Plaintiff is the current Mortgagee. By further Assignment of Mortgage recorded November 21, 2012, the mortgage was assigned to Champion Mortgage Company, which assignment is recorded in the Office of the Register of Deeds for Philadelphia County, Instrument #52563552. The name of the plaintiff as set forth in the Complaint and the assignment of mortgage identify the same entity.. A true and correct copy of said Assignment is marked Exhibit D, attached hereto and made a part hereof.

7.      Geneva McDaniel is the record and real owner of the aforesaid mortgaged premises.

8.      Defendants are in default under the terms of the aforesaid Mortgage for, inter alia, failure to pay the monthly installments of principal and interest due November 13, 2012.

9.      As of July 31, 2013 the amount due and owing Plaintiff by Defendant(s) is as follows:

Principal $69,390.50
Interest through 07/31/2013 $723.33
MIP $3140.99
Inspection fee $20.00

Total $73,274.82

plus interest and all other additional amounts authorized under the Mortgage and Pennsylvania Law, actually and reasonably incurred by Plaintiff, including but not limited to, costs (including escrow advances) and Plaintiff's attorneys' fees and expenses. Plaintiff reserves the right to file a motion in the above-captioned action to add such additional sums authorized under the Mortgage and Pennsylvania Law to the above amount due and owing when incurred.

10.      Notice of Intention to Foreclose as set forth in Act 6 of 1974, Notice of Homeowner's Emergency Mortgage Assistance Program pursuant to Act 91 of 1983, as amended in 2008, and/or Notice of Default as required by the mortgage document, as applicable, have been sent to the Defendant(s). A true and correct copy of said Notice is marked Exhibit C, attached hereto and made a part hereof.

11.      This action does not come under Act 91 of 1983 because the mortgage is FHA insured.

12.      This is an *in rem* action only against the aforesaid mortgaged premises. Plaintiff is not seeking a judgment of personal liability against the Defendant(s), but reserves its right to do so in a separate legal action if such right exists. If Defendant(s) have received a discharge of personal liability in a bankruptcy proceeding, this action is in no way an attempt to re-establish such liability.

Zucker, Goldberg & Ackerman, LLC
XFP-180210
Case ID: 130800385

WHEREFORE, Plaintiff demands an *in rem* judgment in mortgage foreclosure for the amount due of $73,274.82with interest thereon plus additional costs (including additional escrow advances), additional attorneys' fees and costs and for foreclosure and sale of the mortgaged premises.

ZUCKER, GOLDBERG & ACKERMAN, LLC

Dated:  12/13/13

BY:_____
Scott A. Dietterick, Esquire;  PA I.D. #55650
Kimberly A. Bonner, Esquire;  PA I.D. #89705
Joel A. Ackerman, Esquire;  PA I.D. #202729
Ashleigh L. Marin, Esquire;  PA I.D. #306799
Ralph M. Salvia, Esquire; PA I.D. #202946
Jaime R. Ackerman, Esquire; PA I.D. #311032
Jana Fridfinnsdottir, Esquire; PA I.D. #315944
Attorneys for Plaintiff
XFP-180210/se-pa
200 Sheffield Street, Suite 101
Mountainside, NJ  07092
(908) 233-8500; (908) 233-1390 FAX
Email:  Office@zuckergoldberg.com

**THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

## VERIFICATION

*Kimberly Bonner*, Esquire hereby states that he/she is attorney for Nationstar Mortgage LLC DBA Champion Mortgage Company in this matter, that Plaintiff is outside the jurisdiction of the court and or the Verification could not be obtained within the time allowed for the filing of the pleading, that he/she is authorized to make this verification pursuant to Pa. R. C. P. 1024 (c) and that the statements made in the foregoing pleading in the Civil Action in Mortgage Foreclosure are based upon information supplied by Plaintiff and are true and correct to the best of his/her knowledge, information and belief. Furthermore, it is the undersigned's intention to substitute a verification from Plaintiff as soon as it is received by counsel.

The undersigned understands that this statement is made subject to the penalties of 18 Pa. C.S. Sec. 4904 relating to unsworn falsification to authorities.

Scott A. Dietterick, Esquire;  PA I.D..#55650
Kimberly A. Bonner, Esquire;  PA I.D. #89705
Joel A. Ackerman, Esquire;  PA I.D. #202729
Ashleigh Levy Marin, Esquire;  PA I.D. #306799
Ralph M. Salvia, Esquire;  PA I.D. #202946
Jaime R. Ackerman, Esquire;  PA I.D. #311032
Jana Fridfinnsdottir, Esquire; Pa I.D. #315944
Attorneys for Plaintiff

Dated: _12/(3/(3_

# EXHIBIT A

855805

# ADJUSTABLE-RATE NOTE
# HOME EQUITY CONVERSION

**State of Pennsylvania**

FHA Case No. ~~444-5035574-951~~

Loan No. ~~4528895~~

### NOTICE TO BORROWER: THIS DOCUMENT CONTAINS PROVISIONS FOR A VARIABLE INTEREST RATE. THIS NOTE LIMITS THE MAXIMUM RATE I MUST PAY.

Date:    **May 3, 2007**

Property Address:   **6609 North Opal Street**
**Philadelphia, PA 19138**

**1.    DEFINITIONS**
"Borrower" means each person signing at the end of this Note. "Lender" means:  **Seattle Mortgage Company** and its successors and assigns.  "Secretary" means the Secretary of Housing and Urban Development or his or her authorized representatives.

**2.    BORROWER'S PROMISE TO PAY; INTEREST**
In return for amounts to be advanced by Lender to or for the benefit of Borrower, including future advances up to a maximum principal amount of **$142,500.00**, under the terms of a Home Equity Conversion Loan Agreement dated **May 3, 2007** ("Loan Agreement"), Borrower promises to pay to the order of Lender a principal amount equal to the sum of all Loan Advances made under the Loan Agreement with interest. All amounts advanced by Lender, plus interest, if not paid earlier, are due and payable on **March 23, 2093**. Interest will be charged on unpaid principal at the rate of **Five and 9/10's** percent (5.9%) per year until the full amount of principal has been paid. The interest rate may change in accordance with Paragraph 5 of this Note. Accrued interest shall be added to the principal balance as a Loan Advance at the end of each month.

**3.    PROMISE TO PAY SECURED**
Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." That Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

**4.    MANNER OF PAYMENT**
**(A)   Time**
Borrower shall pay all outstanding principal and accrued interest to Lender upon receipt of a notice by Lender requiring immediate payment-in-full, as provided in Paragraph 7 of this Note.

**(B)   Place**
Payment shall be made at:  **SEATTLE MORTGAGE COMPANY, 190 QUEEN ANNE AVE N, SUITE 500, SEATTLE, WA 98109** or any such other place as Lender may designate in writing by notice to Borrower.

**(C)   Limitation of Liability**
Borrower shall have no personal liability for payment of the debt. Lender shall enforce the debt only through sale of the Property covered by the Security Instrument ("Property"). If this Note is assigned to the Secretary, the Borrower shall not be liable for any difference between the mortgage insurance benefits paid to Lender and the outstanding indebtedness, including accrued interest, owed by Borrower at the time of the assignment.

**5.    INTEREST RATE CHANGES**
**(A)   Change Date**
The interest rate may change on the first day of **August 2007**, and on [ ] that day of each succeeding year [X] the first day of each succeeding month. "Change Date" means each date on which the interest rate could change.

**(B)   The Index**
Beginning with the first Change Date, the interest rate will be based on an Index. "Index" means the weekly average yield on United States Treasury Securities adjusted to a constant maturity of one year, as made available by the Federal Reserve Board. "Current Index" means the most recent Index figure available 30 days before the Change Date. If the Index (as defined above) is no longer available, Lender will use as a new Index any index prescribed by the Secretary. Lender will give Borrower notice of the new Index.

**(C)   Calculation of Interest Rate Changes**
Before each Change Date, Lender will calculate a new interest rate by adding a margin of  **One and 0/10's** percentage points (1%) to the current Index. Subject to the limits stated in Paragraph 5(D) of this Note, this amount will be the new interest rate until the next Change

Case ID: 130800385

Date.

**(D) Limits on Interest Rate Changes**

[] The interest rate will never increase or decrease by more than two percentage points (2.0%) on any single Change Date. The interest rate will never be more than five percentage points (5.0%) higher or lower than the initial interest rate stated in Paragraph 2 of this Note.

[X] The interest rate will never increase above **Fifteen and 9/10's** percent (15.9%).

**(E) Notice of Changes**

Lender will give notice to Borrower of any change in the interest rate. The notice must be given at least 25 days before the new interest rate takes effect, and must set forth (i) the date of the notice, (ii) the Change Date, (iii) the old interest rate, (iv) the new interest rate, (v) the Current Index, (vi) the method of calculating the adjusted interest rate, and (vii) any other information which may be required by law from time to time.

**(F) Effective Date of Changes**

A new interest rate calculated in accordance with paragraphs 5(C) and 5(D) of this Note will become effective on the Change Date, unless the Change Date occurs less than 25 days after Lender has given the required notice. If the interest rate calculated in accordance with Paragraphs 5(C) and 5(D) of this Note decreased, but Lender failed to give timely notice of the decrease and applied a higher rate than the rate which should have been stated in a timely notice, then Lender shall recalculate the principal balance owed under this Note so it does not reflect any excessive interest.

**6. BORROWER'S RIGHT TO PREPAY**

A Borrower receiving monthly payments under the Loan Agreement has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty on the first day of any month. Otherwise, a Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty after giving Lender two weeks notice. Any amount of debt prepaid will first be applied to reduce the principal balance of the Second Note described in Paragraph 11 of this Note and then to reduce the principal balance of this Note.

All prepayments of the principal balance shall be applied by Lender as follows:

*First,* to that portion of the principal balance representing aggregate payments for mortgage insurance premiums;

*Second,* to that portion of the principal balance representing aggregate payments for servicing fees;

*Third,* to that portion of the principal balance representing accrued interest due under the Note; and

*Fourth,* to the remaining portion of the principal balance. A Borrower may specify whether a prepayment is to be credited to that portion of the principal balance representing monthly payments or the line of credit. If Borrower does not designate which portion of the principal balance is to be prepaid, Lender shall apply any partial prepayments to an existing line of credit or create a new line of credit.

**7. IMMEDIATE PAYMENT-IN-FULL**

**(A) Death or Sale**

Lender may require immediate payment-in-full of all outstanding principal and accrued interest if:

(i) A Borrower dies and the Property is not the principal residence of at least one surviving Borrower, or

(ii) A Borrower conveys all of his or her title to the Property and no other Borrower retains title to the Property in fee simple or on a leasehold interest as set forth in 24 CFR 206.45(a).

**(B) Other Grounds**

Lender may require immediate payment-in-full of all outstanding principal and accrued interest, upon approval by an authorized representative of the Secretary, if:

(i) The Property ceases to be the principal residence of a Borrower for reasons other than death and the Property is not the principal residence of at least one other Borrower;

(ii) For a period of longer than 12 consecutive months, a Borrower fails to physically occupy the Property because of physical or mental illness and the Property is not the principal residence of at least one other Borrower; or

Mortgage Cadence Inc. © - 0339 (02/06)　　　(2)

Case ID: 130800385

(iii)   An obligation of the Borrower under the Security Instrument is not performed.

**(C)   Payment of Costs and Expenses**

If Lender has required immediate payment-in-full as described above, the debt enforced through sale of the Property may include costs and expenses, including reasonable and customary attorney's fees, associated with enforcement of this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

**(D)   Trusts**

Conveyance of a Borrower's interest in the Property to a trust which meets the requirements of the Secretary, or conveyance of a trust's interests in the Property to a Borrower, shall not be considered a conveyance for purposes of this Paragraph. A trust shall not be considered an occupant or be considered as having a principal residence for purposes of this Paragraph.

**8.   WAIVERS**

Borrower waives the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

**9.   GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at an different address if Borrower is given a notice of that different address.

**10.   OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note only through sale of the Property.

**11.   RELATIONSHIP TO SECOND NOTE**

**(A)   Second Note**

Because Borrower will be required to repay amounts which the Secretary may make to or on behalf of Borrower pursuant to Section 255(i)(1)(A) of the National Housing Act and the Loan Agreement, the Secretary has required Borrower to grant a Second Note to the Secretary.

**(B)   Relationship of Secretary Payments to this Note**

Payments made by the Secretary shall not be included in the debt due under this Note unless:

(i)   This Note is assigned to the Secretary; or

(ii)   The Secretary accepts reimbursements by the Lender for all payments made by the Secretary.

If the circumstances described in (i) or (ii) occur, then all payments by the Secretary, including interest on the payments, shall be included in the debt.

**(C)   Effect on Borrower**

Where there is no assignment or reimbursement as described in (B)(i) or (ii), and the Secretary makes payments to Borrower, then Borrower shall not:

(i)   Be required to pay amounts owed under this Note until the Secretary has required payment-in-full of all outstanding principal and accrued interest under the Second Note held by the Secretary, notwithstanding anything to the contrary in Paragraph 7 of this Note; or

(ii)   Be obligated to pay interest or shared appreciation under this Note at any time, whether accrued before or after the payments by the Secretary, and whether or not accrued interest has been included in the principal balance of this Note, notwithstanding anything to the contrary in Paragraphs 2 or 5 of this Note or any Allonge to this Note.

**12.   SHARED APPRECIATION (If Applicable)**

If Borrower has executed a Shared Appreciation Allonge, the covenants of the Allonge shall be incorporated into and supplement the covenants of this Note as if the Allonge were a part of this Note.

Case ID: 130800385

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

**Geneva McDaniel**

Case ID: 130800385

PAY TO THE ORDER OF

SEATTLE SAVINGS BANK

WITHOUT RECOURSE

SEATTLE MORTGAGE COMPANY

MARGARET COUSINS
VICE PRESIDENT

PAY TO THE ORDER OF

WITHOUT RECOURSE

SEATTLE SAVINGS BANK

MARGARET COUSINS
VICE PRESIDENT

Case ID: 130800385

**EXHIBIT C**

Zucker, Goldberg & Ackerman, LLC
XFP-180210
Case ID: 130800385

Document Prepared By:
Ron Meharg, 888-362-9638
1111 Alderman Dr. Suite 350, Attn:
Assignment Dept., Alpharetta, GA 30005
When Recorded Return To:
**DOCX**
1111 Alderman Drive
Suite 350
Alpharetta, GA 30005



CRef#:08/13/2007-PRef#:A026-POF
Date:06/29/2007-Print Batch ID:459
Property Address:
6609 North Opal Street
Philadelphia, PA 19138
Property Location: NA
FAssetRef2.0   08/16/2006   2006(s) by DOCX LLC



**52214554**
Page: 1 of 3
08/21/2010 02:40PM

This Document Recorded
08/21/2010
02:40PM
Doc Code: A
Commissioner of Records, City of Philadelphia

Doc Id: 52214554
Receipt #: 694864
Rec Fee: 166.00

This Space for Recorder's Use Only

## ASSIGNMENT OF MORTGAGE

**FOR GOOD AND VALUABLE CONSIDERATION,** the receipt and sufficiency of which is hereby acknowledged, Seattle Mortgage Company, whose address is 190 Queen Anne Ave. North, Suite 100, Seattle, WA 98109, does by these presents hereby grant, bargain, sell, assign, transfer, convey, set over and deliver unto Bank of America, N.A., whose address is 190 Queen Anne Ave. North, Suite 400, Seattle, WA 98109, the following described mortgage, securing the payment of a certain promissory note(s) for the sum listed below, together with all rights therein and thereto, all liens created or secured thereby, all obligations therein described, the money due and to become due thereon with interest, and all rights accrued or to accrue under such mortgage.

Original Borrower(s): **GENEVA MCDANIEL, A SINGLE WOMAN**
Original Mortgagee: **SEATTLE MORTGAGE COMPANY**
Date of Mortgage: **05/08/2007**          Loan Amount: **$142,500.00**
Recording Date: **05/11/2007**   Book: NA Page: NA   Document #: 51691876
and recorded in the official records of the County of Philadelphia, State of Pennsylvania affecting Real Property and more particularly described on said Mortgage referred to herein.

**IN WITNESS WHEREOF,** the undersigned has caused these presents to be executed on this date of 07/16/2007.

Seattle Mortgage Company

Linda Green
**Vice President**

State of GA
County of Fulton

On this date of 07/16/2007, before me, the undersigned authority, a Notary Public duly commissioned, qualified and acting within and for the aforementioned State and County, personally appeared the within named Linda Green, known to me (or identified to me on the basis of satisfactory evidence) that he or she is the Vice President of Seattle Mortgage Company, and was duly authorized in his or her respective capacity to execute the foregoing instrument for and in the name and in behalf of said corporation and that said corporation executed the same, and further stated and acknowledged that they had so signed, executed and delivered said instrument for the consideration, uses and purposes therein mentioned and set forth.

Witness my hand and official seal on the date hereinabove set forth.

Notary Public

Jacob Evans
NOTARY PUBLIC
Fulton County
State of Georgia
My Commission Expires
August 15, 2011

4442559

07-0049

## Exhibit A

ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected, SITUATE on the East side of Opal Street at the distance of four hundred feet Southward from the South side of Sixty-seventh Avenue North (sixty feet wide), in the Tenth (formerly the Fiftieth) Ward of the City of Philadelphia;

CONTAINING in the front or breadth on the said Opal Street eighteen feet two inches and extending of that width in the length or depth Eastward between parallel lines at the right angles to the said Opal Street Seventy-five feet to the middle line of a certain fourteen feet wide driveway, which extends Northward into the said Sixty-seventh Avenue North and Southward into Sixty-sixth Avenue North.

TOGETHER WITH the free and common use, right, liberty and privilege of the aforesaid fourteen feet wide driveway as and for an automobile driveway, passageway and watercourse at all times hereafter forever, in common with the owners, tenants and occupiers of the other lots of ground bounding thereon and entitled to the use thereof. SUBJECT however, to the proportionate part of the expense of keeping said driveway in good order and repair.

BEING known as 6609 North Opal Street.

BRT NO. 10-2-043300.

BEING the same premises which Robert J. McDaniel and Geneva McDaniel, Husband and Wife, by Indenture dated 06-21-02 and recorded 08-22-02 in the Office of the Recorder of Deeds in and for the County of Philadelphia as Document No. 50514657, granted and conveyed unto Geneva McDaniel.

*SM*

Case ID: 130800385

eRecorded in Philadelphia PA   Doc Id: 52563552
11/21/2012 01:59PM        Receipt#: 1176358
Page 1 of 2               Rec Fee: $198.00
Commissioner of Records   Doc Code: A
State RTT:   Local RTT:

Recording Requested By:
Bank of America
Prepared By:
Diana De Avila
800-444-4302
1800 Tapo Canyon Road
Simi Valley, CA 93063
When recorded mail to:
CoreLogic
Mail Stop: ASGN
1 CoreLogic Drive
Westlake, TX 76262-5823

DocID# 18668500517824

Tax ID:   10-2-043300

Property Address:
6609 N Opal St
Philadelphia, PA 19138-3131

Property Location:
10 Ward City of PHILADELPHIA

*Prvid-AM 2315/806  15  11/19/2012*

*This space for Recorder's use*

## ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is 800 5TH AVENUE, SEATTLE, WASHINGTON 98104-3176 does hereby grant, sell, assign, transfer and convey unto CHAMPION MORTGAGE COMPANY whose address is 350 HIGHLAND DRIVE, LEWISVILLE, TEXAS 75067 all beneficial interest under that certain Mortgage described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Mortgage.

Original Lender:     SEATTLE MORTGAGE COMPANY

Mortgagor(s):        GENEVA MCDANIEL, A SINGLE WOMAN

Date of Mortgage:    5/3/2007        Original Loan Amount:  $142,500.00

Recorded in Philadelphia County, PA on: 5/11/2007, book N/A, page N/A and instrument number 51691876

This Mortgage has not been assigned unless otherwise stated below:
Assigned From:  SEATTLE MORTGAGE COMPANY
Assigned To:  BANK OF AMERICA, N.A.
Recording Date:  5/21/2010  Book/Liber:   Page:   Instrument Number:  52214554

Property Legal Description:
ALL THAT CERTAIN LOT OR PIECE OF GROUND WITH THE BUILDINGS AND IMPROVEMENTS THEREON ERECTED, SITUATE ON THE EAST SIDE OF OPAL STREET AT THE DISTANCE OF FOUR HUNDRED FEET SOUTHWARD FROM THE SOUTH
SIDE OF SIXTY-SEVENTH AVENUE NORTH (SIXTY FEET WIDE), IN THE TENTH (FORMERLY THE FIFTIETH) WARD OF THE CITY OF PHILADELPHIA; CONTAINING IN THE FRONT OR BREADTH ON THE SAID OPAL STREET EIGHTEEN FEET TWO INCHES AND EXTENDING OF THAT WIDTH IN THE LENGTH OR DEPTH EASTWARD BETWEEN PARALLEL LINES AT THE RIGHT ANGLES TO THE SAID OPAL STREET SEVENTY-FIVE FEET TO THE MIDDLE LINE OF A CERTAIN FOURTEEN FEET WIDE DRIVEWAY, WHICH EXTENDS NORTHWARD INTO THE SAID SIXTY-SEVENTH AVENUE NORTH AND SOUTHWARD INTO SIXTY-SIXTH AVENUE NORTH TOGETHER WITH THE FREE AND COMMON USE, RIGHT, LIBERTY AND PRIVILEGE OF THE AFORESAID FOURTEEN FEET WIDE DRIVEWAY AS AND FOR AN AUTOMOBILE DRIVEWAY, PASSAGEWAY AND WATERCOURSE AT ALL TIMES HEREAFTER FOREVER, IN COMMON WITH THE OWNERS, TENANTS AND OCCUPIERS

Case ID: 130800385

52563552   Page 2 of 2
11/21/2012 01:59PM

OF THE OTHER LOTS OF GROUND BOUNDING THEREON AND ENTITLED TO THE USE THEREOF.
SUBJECT HOWEVER, TO THE PROPORTIONATE PART OF THE EXPENSE OF KEEPING SAID
DRIVEWAY IN GOOD ORDER AND REPAIR. BEING KNOWN AS 6609 NORTH OPAL STREET. BRT
NO. 16-2-043300. BEING THE SAME PREMISES WHICH ROBERT J. MCDANIEL AND GENEVA
MCDANIEL, HUSBAND AND WIFE, BY INDENTURE DATED 06-21-02 AND RECORDED 06-22-02 IN THE
OFFICE OF THE RECORDER OF DEEDS IN AND FOR THE COUNTY OF PHILADELPHIA AS
DOCUMENT NO. 50514657, GRANTED AND CONVEYED UNTO GENEVA MCDANIEL.

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Mortgage to be executed on

NOV 19 2012

BANK OF AMERICA, N.A.

By: _____
Carmen Dena
Assistant Vice President

State of California
County of Ventura

On NOV 19 2012 before me, _____ Victoria Cook _____ Notary Public, personally appeared
_____ Carmen Dena _____,
, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the
within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity
(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the
person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

_____
Notary Public: Victoria Cook
My Commission Expires: 6/28/16          (Seal)

VICTORIA COOK
Commission # 1962182
Notary Public - California
Ventura County
My Comm. Expires Jun 28, 2016

I hereby certify that the address of the within named assignee is:
350 HIGHLAND DRIVE, LEWISVILLE, TEXAS 75067

_____
Signature

DocID# 18483380517834

**EXHIBIT B**

Zucker, Goldberg & Ackerman, LLC
XFP-180210
Case ID: 130800385

After Recording Return To:
SEATTLE MORTGAGE COMPANY
11120 NE 33RD PLACE, SUITE 200
BELLEVUE, WA 98004



51691876
Page: 1 of 12
05/11/2007 04:43PM

Prepared By:
Seattle Mortgage Company
190 Queen Anne Avenue North, Suite 100
Seattle, WA 98109

This Document Recorded
05/11/2007
04:43PM
Doc Code: M
Commissioner of Records, City of Philadelphia

Doc Id: 51691876
Receipt #: 595524
Rec Fee: 126.00

_____ Space Above This Line For Recording Data _____

Commonwealth of Pennsylvania
Parcel ID Number: 10-2-043300

FHA Case Number: 441-7648974-952
Loan Number: 4442559

## ADJUSTABLE RATE OPEN END
## HOME EQUITY CONVERSION MORTGAGE
### THIS MORTGAGE ("SECURITY INSTRUMENT") SECURES FUTURE ADVANCES

THIS MORTGAGE ("Security Instrument") is given on May 3, 2007 ("Date"). The mortgagor is Geneva McDaniel, a Single Woman whose address is 5609 North Opal Street Philadelphia, PA 19138 ("Borrower"). This Security Instrument is given to Seattle Mortgage Company which is organized and existing under the laws of THE STATE OF WASHINGTON, and whose address is 190 Queen Anne Avenue North, Suite 100, Seattle, WA 98109 ("Lender"). Borrower has agreed to repay to Lender amounts which Lender is obligated to advance, including future advances, under the terms of a Home Equity Conversion Loan Agreement dated the same date as this Security Instrument ("Loan Agreement"). The agreement to repay is evidenced by Borrower's Note dated the same date as this Security Instrument ("Note"). This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest at a rate subject to adjustment, and all renewals, extensions and modifications of the Note, up to a maximum principal amount of ONE HUNDRED FORTY TWO THOUSAND FIVE HUNDRED DOLLARS AND NO CENTS (U.S. $142,500.00); (b) the payment of all other sums, with interest, advanced under paragraph 5 to protect the security of this Security Instrument or otherwise due under the terms of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, warrant, grant and convey to Lender, with power of sale, the following described property located in PHILADELPHIA County, Pennsylvania:

Legal description attached hereto as Schedule A and by this reference made a part hereof. APN #10-2-043300

which has the address of: 5609 North Opal Street Philadelphia, PA 19138 ("Property Address").

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements,

1

Mortgage Cadence Inc. © 0249 02/06

Pennsylvania Mortgage HECM Adjustable Rate

*H M*

Case ID: 130800385

07-0049

## Exhibit A

ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected, SITUATE on the East side of Opal Street at the distance of four hundred feet Southward from the South side of Sixty-seventh Avenue North (sixty feet wide), in the Tenth (formerly the Fiftieth) Ward of the City of Philadelphia;

CONTAINING in the front or breadth on the said Opal Street eighteen feet two inches and extending of that width in the length or depth Eastward between parallel lines at the right angles to the said Opal Street Seventy-five feet to the middle line of a certain fourteen feet wide driveway, which extends Northward into the said Sixty-seventh Avenue North and Southward into Sixty-sixth Avenue North

TOGETHER WITH the free and common use, right, liberty and priviledge of the aforesaid fourteen feet wide driveway as and for an automobile driveway, passageway and watercourse at all times hereafter forever, in common with the owners, tenants and occupiers of the other lots of ground bounding thereon and entitled to the use thereof. SUBJECT however, to the proportionate part of the expense of keeping said driveway in good order and repair.

BEING known as 6609 North Opal Street.

BRT NO. 10-2-043300.

BEING the same premises which Robert J. McDaniel and Geneva McDaniel, Husband and Wife, by Indenture dated 06-21-02 and recorded 08-22-02 in the Office of the Recorder of Deeds in and for the County of Philadelphia as Document No. 50514657, granted and conveyed unto Geneva McDaniel.

rights, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal and Interest.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note.

2. **Payment of Property Charges.** Borrower shall pay all property charges consisting of taxes, ground rents, flood and hazard insurance premiums, and special assessments in a timely manner, and shall provide evidence of payment to Lender, unless Lender pays property charges by withholding funds from monthly payments due to the Borrower or by charging such payments to a line of credit as provided for in the Loan Agreement.

3. **Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire. This insurance shall be maintained in the amounts, to the extent and for the periods required by Lender or the Secretary of Housing and Urban Development ("Secretary"). Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

   In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss to Lender instead of to Borrower and Lender jointly. Insurance proceeds shall be applied to restoration or repair of the damaged Property, if the restoration or repair is economically feasible and Lender's security is not lessened. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied first to the reduction of any indebtedness under a Second Note and Second Security Instrument held by the Secretary on the Property and then to the reduction of the indebtedness under the Note and this Security Instrument. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

   In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in

Mortgage Cadence Inc. © 0230 02/08                                                                    Pennsylvania Mortgage HECM Adjustable Rate

*SM*

Case ID: 130800385

force shall pass to the purchaser.

4.  **Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence after the execution of this Security Instrument and Borrower (or at least one Borrower, if initially more than one person are Borrowers) shall continue to occupy the Property as Borrower's principal residence for the term of the Security Instrument. "Principal residence" shall have the same meaning as in the Loan Agreement.

Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

5.  **Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in Paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments. Borrower shall promptly discharge any lien which has priority over this Security Instrument in the manner provided in Paragraph 12(c).

If Borrower fails to make these payments or the property charges required by Paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in Paragraph 2.

To protect Lender's security in the Property, Lender shall advance and charge to Borrower all amounts due to the Secretary for the Mortgage Insurance Premium as defined in the Loan Agreement as well as all sums due to the loan servicer for servicing activities as defined in the Loan Agreement. Any amounts disbursed by Lender under this Paragraph shall become an additional debt of Borrower as provided for in the Loan Agreement and shall be secured by this Security Instrument.

6.  **Inspection.** Lender or its agent may enter on, inspect or make appraisals of the Property in a reasonable manner and at reasonable times provided that Lender shall give the Borrower notice prior to any inspection or appraisal specifying a purpose for the inspection or appraisal which must be related to Lender's interest in the Property. If the Property is vacant or abandoned or the loan is in default, Lender may take reasonable action to protect and preserve such vacant or abandoned Property without notice to the Borrower.

7.  **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in

Mortgage Cadence Inc. © 0236 02/06

Pennsylvania Mortgage HECM Adjustable Rate

Case ID: 130800385

connection with any condemnation, or other taking of any part of the Property, or for conveyance in place of condemnation shall be paid to Lender. The proceeds shall be applied first to the reduction of any indebtedness under a Second Note and Second Security Instrument held by the Secretary on the Property, and then to the reduction of the indebtedness under the Note and this Security Instrument. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

8.   **Fees.** Lender may collect fees and charges authorized by the Secretary.

9.   **Grounds for Acceleration of Debt.**

    (a)  **Due and Payable.** Lender may require immediate payment-in-full of all sums secured by this Security Instrument if:

        (i)  A Borrower dies and the Property is not the principal residence of at least one surviving Borrower; or

        (ii)  All of a Borrower's title in the Property (or his or her beneficial interest in a trust owning all or part of the Property) is sold or otherwise transferred and no other Borrower retains title to the Property in fee simple or retains a leasehold under a lease for less than 99 years which is renewable or a lease having a remaining period of not less than 50 years beyond the date of the 100th birthday of the youngest Borrower (or retaining a beneficial interest in a trust with such an interest in the Property); or

    (b)  **Due and Payable with Secretary Approval.** Lender may require immediate payment-in-full of all sums secured by this Security Instrument, upon approval of the Secretary, if:

        (i)  The Property ceases to be the principal residence of a Borrower for reasons other than death and the Property is not the principal residence of at least one other Borrower; or

        (ii)  For a period of longer than 12 consecutive months, a Borrower fails to occupy the Property because of physical or mental illness and the Property is not the principal residence of at least one other Borrower; or

        (iii)  An obligation of the Borrower under this Security Instrument is not performed.

    (c)  **Notice to Lender.** Borrower shall notify Lender whenever any of the events listed in this Paragraph 9 (a)(ii) and (b) occur.

    (d)  **Notice to Secretary and Borrower.** Lender shall notify the Secretary and Borrower whenever the loan becomes due and payable under Paragraph 9 (a)(ii) and (b). Lender shall not have the right to commence foreclosure until Borrower has had 30 days after notice to either:

        (i)  Correct the matter which resulted in the Security Instrument coming due and payable; or

        (ii)  Pay the balance in full; or

Case ID: 130800385

(iii)    Sell the Property for the lesser of the balance or 95% of the appraised value and apply the net proceeds of the sale toward the balance; or

(iv)    Provide the Lender with a deed-in-lieu of foreclosure.

(e)    **Trusts.** Conveyance of a Borrower's interest in the Property to a trust which meets the requirements of the Secretary, or conveyance of a trust's interests in the Property to a Borrower, shall not be considered a conveyance for purposes of this Paragraph 9. A trust shall not be considered an occupant or be considered as having a principal residence for purposes of this Paragraph 9.

(f)    **Mortgage Not Insured.** Borrower agrees that should this Security Instrument and the Note not be eligible for insurance under the National Housing Act within 8 MONTHS from the date hereof, Lender may, at its option, require immediate payment-in-full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to 8 MONTHS from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

10.    **No Deficiency Judgments.** Borrower shall have no personal liability for payment of the debt secured by this Security Instrument. Lender may enforce the debt only through sale of the Property. Lender shall not be permitted to obtain a deficiency judgment against Borrower if the Security Instrument is foreclosed. If this Security Instrument is assigned to the Secretary upon demand by the Secretary, Borrower shall not be liable for any difference between the mortgage insurance benefits paid to Lender and the outstanding indebtedness, including accrued interest, owed by Borrower at the time of the assignment.

11.    **Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment-in-full. This right applies even after foreclosure proceedings are instituted. To reinstate this Security Instrument, Borrower shall correct the condition which resulted in the requirement for immediate payment-in-full. Foreclosure costs and reasonable and customary attorney's fees and expenses properly associated with the foreclosure proceeding shall be added to the principal balance. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment-in-full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the Security Instrument.

12.    **Lien Status.**

(a)    **Modification.** Borrower agrees to extend this Security Instrument in accordance with this Paragraph 12(a). If Lender determines that the original lien status of the Security Instrument is jeopardized under state law (including but not limited to situations where the amount secured by

5

*ℒM*

Case ID: 130800385

the Security Instrument equals or exceeds the maximum principal amount stated or the maximum period under which loan advances retain the same lien priority initially granted to loan advances has expired) and state law permits the original lien status to be maintained for future loan advances through the execution and recordation of one or more documents, then Lender shall obtain title evidence at Borrower's expense. If the title evidence indicates that the property is not encumbered by any liens (except this Security Instrument, the Second Security Instrument described in Paragraph 13(a) and any subordinate liens that the Lender determines will also be subordinate to any future loan advances), Lender shall request the Borrower to execute any documents necessary to protect the lien status of future loan advances. Borrower agrees to execute such documents. If state law does not permit the original lien status to be extended to future loan advances, Borrower will be deemed to have failed to have performed an obligation under this Security Instrument.

(b)    Tax Deferral Programs. Borrower shall not participate in a real estate tax deferral program, if any liens created by the tax deferral are not subordinate to this Security Instrument.

(c)    Prior Liens. Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien or forfeiture of any part of the Property; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to all amounts secured by this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one more of the actions set forth above within 10 days of the giving of notice.

13.    Relationship to Second Security Instrument.

(a)    Second Security Instrument. In order to secure payments which the Secretary may make to or on behalf of Borrower pursuant to Section 255(i)(1)(A) of the National Housing Act and the Loan Agreement, the Secretary has required Borrower to execute a Second Note and a Second Security Instrument on the Property.

(b)    Relationship of First and Second Security Instruments. Payments made by the Secretary shall not be included in the debt under the Note unless:

(i)    This Security Instrument is assigned to the Secretary; or

(ii)    The Secretary accepts reimbursement by the Lender for all payments made by the Secretary.

If the circumstances described in (i) or (ii) occur, then all payments by the Secretary, including interest on the payments, but excluding late charges paid by the Secretary, shall be included in the debt under the Note.

Case ID: 130800385

(c)   **Effect on Borrower.** Where there is no assignment or reimbursement as described in (b)(i) or (ii) and the Secretary makes payments to Borrower, then Borrower shall not:

    (i)   Be required to pay amounts owed under the Note, or pay any rents and revenues of the Property under Paragraph 19 to Lender or a receiver of the Property, until the Secretary has required payment-in-full of all outstanding principal and accrued interest under the Second Note; or

    (ii)   Be obligated to pay interest or shared appreciation under the Note at any time, whether accrued before or after the payments by the Secretary, and whether or not accrued interest has been included in the principal balance under the Note.

(d)   **No Duty of the Secretary.** The Secretary has no duty to Lender to enforce covenants of the Second Security Instrument or to take actions to preserve the value of the Property, even though Lender may be unable to collect amounts owed under the Note because of restrictions in this Paragraph 13.

14.   **Forbearance by Lender Not a Waiver.** Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

15.   **Successors and Assigns Bound; Joint and Several Liability.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender. Borrower may not assign any rights or obligations under this Security Instrument or under the Note, except to a trust that meets the requirements of the Secretary. Borrower's covenants and agreements shall be joint and several.

16.   **Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address all Borrowers jointly designate. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this Paragraph 16.

17.   **Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

18.   **Borrower's Copy.** Borrower shall be given one conformed copy of the Note and the Security Instrument.

NON-UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

19.   **Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and

7

Mortgage Cadence Inc. © 0219 (02/08)            Pennsylvania Mortgage HECM Adjustable Rate

Case ID: 130800385

revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this Paragraph 19.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by this Security Instrument is paid in full.

20. **Foreclosure Procedure.** If Lender requires immediate payment in full under Paragraph 9, Lender at its option may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Paragraph 20, including, but not limited to, reasonable attorneys' fees and costs of title evidence to the extent permitted by applicable law.

21. **Lien Priority.** The full amount secured by this Security Instrument shall have the same priority over any other liens on the Property as if the full amount had been disbursed on the date the initial disbursement was made, regardless of the actual date of any disbursement. The amount secured by this Security Instrument shall include all direct payments by Lender to Borrower and all other loan advances permitted by this Security Instrument for any purpose. This lien priority shall apply notwithstanding any State constitution, law or regulation, except that this lien priority shall not affect the priority of any liens for unpaid State or local governmental unit special assessments or taxes.

22. **Adjustable Rate Feature.** Under the Note, the initial stated interest rate of 5.9% which accrues on the principal balance ("Initial Interest Rate") is subject to change, as described below. When the interest rate changes, the new adjusted interest rate will be applied to the total outstanding principal balance. Each adjustment to the interest rate will be based upon the weekly average yield on United States Securities adjusted to a constant maturity of one year, as made available by the Federal Reserve Board in Statistical Release H.15 (519) ("Index") plus a margin. If the Index is no longer available, Lender will use as a new index any index prescribed by the Secretary. Lender will give Borrower notice of the new Index.

Lender will perform the calculations described below to determine the new adjusted interest rate. The

Mortgage Cadence Inc. © 0228 02/06                                                           Pennsylvania Mortgage HECM Adjustable Rate

Interest rate may change on the first day of August 2007, and on [] that day of each succeeding year [X] the first day of each succeeding month ("Change Date") until the loan is paid in full.

The value of the Index will be determined, using the most recent Index figure available thirty (30) days before the Change Date ("Current Index"). Before each Change Date, the new interest rate will be calculated by adding a margin to the Current Index. The sum of the margin plus the Current Index will be called the "Calculated Interest Rate" for each Change Date. The Calculated Interest Rate will be compared to the interest rate in effect immediately prior to the Change Date (the "Existing Interest Rate").

[] Annually Adjusting Variable Rate Feature The Calculated Interest Rate cannot be more than 2.0% higher or lower than the Existing Interest Rate, nor can it be more than 5.0% higher or lower than the Initial Interest Rate.

[X] Monthly Adjusting Variable Rate Feature The Calculated Interest Rate will never increase above Fifteen  and 9/10's percent (15.9%).

The Calculated Interest Rate will be adjusted if necessary to comply with these rate limitation(s) and will be in effect until the next Change Date. At any Change Date, if the Calculated Interest Rate equals the Existing Interest Rate, the interest rate will not change.

23.  **Release.** Upon payment of all sums secured by this Security Instrument, this Security Instrument and the estate conveyed shall terminate and become void. After such occurrence, Lender shall discharge and satisfy this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

24.  **Waivers.** Borrower, to the extent permitted by Applicable Law, waives and releases any error or defects in proceedings to enforce this Security Instrument, and hereby waives the benefit of any present or future laws providing for stay of execution, extension of time, exemption from attachment, levy and sale, and homestead exemption.

25.  **Reinstatement Period.** Borrower's time to reinstate provided in Paragraphs 9 and 11 shall extend to one hour prior to the commencement of bidding at a sheriff's sale or other sale pursuant to this Security Instrument.

26.  **Interest Rate After Judgment.** Borrower agrees that the interest rate payable after a judgment is entered on the Note or in an action of mortgage foreclosure shall be the rate payable from time to time under the Note.

27.  **Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es).]

Case ID: 130800385

[ ]   Condominium Rider                    [ ]   Planned Unit Development Rider
[ ]   Shared Appreciation Rider            [ ]   Other [Specify]

10
Mortgage Cadence Inc. © 0239 02/08                    Pennsylvania Mortgage HECM Adjustable Rate

Case ID: 130800385

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

*Geneva McDaniel*

Geneva McDaniel

_Space Below This Line For Acknowledgment_

COMMONWEALTH OF PENNSYLVANIA, _PHILADELPHIA_ County ss:

On this, the _3rd_ day of _MAY_ 20 _07_ before me, the undersigned officer, personally appeared _Geneva Mc Daniel_

satisfactorily proven to be the person(s) whose name(s) is/are subscribed to the written instrument And acknowledged that he/she/they executed the same for the purpose herein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

My commission expires: _8-8-09_

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Stephen T. Gishnger, Notary Public
Ruscombmanor Twp., Berks County
My Commission Expires Aug. 8, 2009

Member, Pennsylvania Association of Notaries

_Signature of Notary_

_Notary Public_
Title of Officer

CERTIFICATE OF RESIDENCE

I, _J J. Engelbride_
Agent of Lender

do hereby certify that the precise address of the within-named lender is:

SEATTLE MORTGAGE COMPANY
11120 NE 33rd PL #200
BELLEVUE, WA 98004

Witness my hand this _3rd_ day of _MAY_, 2007

_Signature of Agent of Lender_

11
Mortgage Cadence Inc. © 0255 02/06                                    Pennsylvania Mortgage HECM Adjustable Rate

Case ID: 130800385

**NOTICE TO PLEAD**

**TO PLAINTIFF:**
**You are hereby notified to file a written response to**
**the enclosed preliminary objections within twenty**
**(20) days from service hereof or a judgment may be**
**entered against you.**

**/s/ David E. Pearson**

_____
**David E. Pearson, Esquire, Attorney for Defendant**

Filed and Attested by
PROTHONOTARY
16 DEC 2013 11:59 am
C. FORTE

David E. Pearson, Esquire
Identification No. 90945
6983 Weatham Street
Philadelphia, PA  19119
(215) 849-1750                                              Attorney for Defendant

_____

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC, | COURT OF COMMON PLEAS OF |
| d/b/a Champion Mortgage Company, | PHILADELPHIA COUNTY, |
| Plaintiff, | PENNSYLVANIA |
| v. | |
| | AUGUST TERM, 2013 |
| GENEVA McDANIEL, | NO. 385 |
| Defendant. | |

_____

## PRELIMINARY OBJECTIONS OF DEFENDANT
## TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, by and through her attorney, David E. Pearson, Esquire, files the within

preliminary objections to Plaintiff's amended complaint in mortgage foreclosure, filed on

December 13, 2013, pursuant to Pennsylvania Rule of Civil Procedure 1028(a)(5), seeking to

dismiss the amended complaint for lack of capacity to sue, as follows:

1.      In paragraph 4 of the amended complaint, Plaintiff alleged that Defendant made,

executed, and delivered the subject mortgage, duly recorded as instrument #51691876 and

attached to the amended complaint as Exhibit "B," to Seattle Mortgage Company.

2.      In paragraph 5 of the amended complaint, Plaintiff alleged that said mortgage was

then assigned, via an assignment duly recorded as instrument #52214554 and attached to the

amended complaint as Exhibit "C," to Bank of America, N.A.

1

Case ID: 130800385
Control No.: 13121818

3.      In paragraph 6 of the amended complaint, Plaintiff alleged that the mortgage was subsequently assigned, via an assignment duly recorded as instrument #52563552 and attached to the amended complaint as Exhibit "D," to Champion Mortgage Company.

4.      "Champion Mortgage Company" is a fictitious name.  A true and exact copy of its Corporations System Search Results from the Pennsylvania Department of State is attached hereto, incorporated herein, and marked as Exhibit "1."

5.      The subject mortgage was never assigned to Plaintiff.

6.      Plaintiff, therefore, was not the real party in interest in this action.

7.      Accordingly, Plaintiff lacks capacity to sue, pursuant to Pennsylvania Rule of Civil Procedure 2002(a), which requires that all actions shall be prosecuted by and in the name of the real party in interest.

WHEREFORE, Defendant respectfully moves this Honorable Court for an order dismissing Plaintiff's amended complaint with prejudice.


/s/ David E. Pearson
_____

David E. Pearson, Esquire
Attorney for Defendant

Dated: December 16, 2013

Case ID: 130800385
Control No.: 13121818



Online Services | Corporations | Forms | Contact Corporations | Business Services

Filed and Attested by
PROTHONOTARY
16 DEC 2013 11:59 am
E. TEMPLE

### Business Entity Filing History

Date: 11/11/2013    (Select the link above to view the Business Entity's Filing History)

Search
By Business Name
By Business Entity ID
Verify
Verify Certification
Online Orders
Register for Online Orders
Order Good Standing
Order Certified Documents
Order Business List
My Images
Search for Images

## Business Name History

| Name | Name Type |
|---|---|
| Champion Mortgage Company | Current Name |

## Fictitious Names - Domestic - Information

| | |
|---|---|
| **Entity Number:** | 3695556 |
| **Status:** | Active |
| **Entity Creation Date:** | 12/19/2006 |
| **State of Business.:** | PA |
| **Principal Place of Business:** | 350 Highland Drive<br>Lewisville TX 75067 |
| **Mailing Address:** | No Address |

## Owner Information

| | |
|---|---|
| **Owner(s) for:** | Champion Mortgage Company |

## Owners

| | |
|---|---|
| **Name:** | **CENTEX HOME EQUITY COMPANY, LLC** |
| **Mailing Address:** | % CORPORATION SERVICE COMPANY<br>PA 0 -0 |
| **Name:** | **Nationstar Mortgage LLC** |
| **Mailing Address:** | % CORPORATION SERVICE COMPANY<br>PA 0 -0 |

Copyright © 2002 Pennsylvania Department of State. All Rights Reserved.
Privacy Policy | Security Policy

Case ID: 130800385

Control No.: 13121818

https://www.corporations.state.pa.us/corp/soskb/Corp.asp?2530231

11/11/2013

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA
CIVIL ACTION

| | | |
|---|---|---|
| NATIONSTAR MORTGAGE LLC, | : | AUGUST TERM, 2013 |
| d/b/a Champion Mortgage Company, | : | |
| Plaintiff, | : | NO. 385 |
| v. | : | |
| | : | CONTROL NO. |
| GENEVA McDANIEL, | : | |
| Defendant. | : | |

## ORDER

AND NOW, this _____ day of _____, 20__, upon consideration of the

preliminary objections of Defendant to Plaintiff's amended complaint and any response thereto,

it is hereby ORDERED and DECREED that said preliminary objections are SUSTAINED and

that Plaintiff's amended complaint is dismissed with prejudice.

BY THE COURT:

_____
J.

DOCKETED

JAN 1 0 2014

R. POSTELL
DAY FORWARD

Nationstar Mortgage Llc-ORDRF

13080038500020

Case ID: 130800385
Control No.: 13121818

COPIES SENT PURSUANT TO Pa.R.C.P. 236(b)  R. POSTELL  01/10/2014