IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GENEVA MCDANIEL | : | CIVIL ACTION |
| | : | |
| v. | : | No. 14-564 |
| | : | |
| NATIONSTAR MORTGAGE, LLC | : | |
| *doing business as* | : | |
| CHAMPION MORTGAGE COMPANY, | : | |
| et al. | : | |

## **ORDER**

AND NOW, this 14th day of July, 2014, after oral argument on Defendants' motions to dismiss, it is ORDERED the parties shall each submit to the Court, by no later than July 21, 2014, letter briefs addressing whether this case should be placed in suspense pending a decision on Defendant Nationstar Mortgage Company's standing in the underlying foreclosure action in the Court of Common Pleas of Philadelphia County.[1]

---

[1] Plaintiff Geneva McDaniel alleges that Defendants' efforts to foreclose on her mortgage by filing an action in the Philadelphia Court of Common Pleas violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p, and Pennsylvania law. The FDCPA prohibits a debt collector from falsely representing "the character, amount, or legal status of any debt," 15 U.S.C. § 1692e(2)(A); threatening "to take any action that cannot legally be taken," *id.* § 1692e(5); or using "any false representation or deceptive means to collect or attempt to collect any debt," *id.* § 1692e(10). Claims under the FDCPA must be filed "within one year from the date on which the violation occurs." *id.* § 1692k(d).

On August 7, 2013, Defendant Zucker, Godlberg & Ackerman, LLC (ZG&A), on behalf of Defendant Nationstar, filed a civil action complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania, seeking foreclosure on a mortgage on McDaniel's home. On January 8, 2014, the Court of Common pleas issued an order sustaining McDaniel's preliminary objections, which challenged Nationstar's standing to bring a foreclosure action, and dismissing the foreclosure complaint with prejudice. After the instant action was initiated, ZG&A, on behalf of Nationstar, moved for reconsideration of the order dismissing the foreclosure, and on February 5, 2014, the Honorable Leon Tucker granted the motion for reconsideration and vacated his January 8, 2014, order. Nationstar then responded to McDaniel's preliminary objections, and on February 23, 2014, McDaniel filed a reply in support of her objections. McDaniel's objections remain pending in state court.

BY THE COURT:


/s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

      Because the claims pursuant to the FDCPA must be filed within one year from the date on which the violation occurred, and McDaniel represented during oral argument on Defendants' motions to dismiss that the relevant violation occurred when Nationstar first filed the foreclosure action in August 2013, if the Court dismisses this case, it will potentially foreclose McDaniel from bringing her FDCPA and related state court claims in this Court. However, as McDaniel admitted at the oral argument, the state court's decision on Nationstar's standing could have a preclusive effect on this Court's decision on Nationstar's fraudulent action. In addition, this Court's decision regarding Nationstar's fraudulent action could have a similar effect on the state court's decision on Nationstar's standing. Accordingly, the Court requests briefing on the effect of placing this case in suspense until the state court decides Nationstar's standing to bring the foreclosure action against McDaniel.